Carr, J.
The general question, whether a widow is entitled to all the rents, issues and profits of the mansion house and plantation thereto belonging, from the death of her husband, until dower shall be assigned to her, is a very important one, and with us, so far as I can find, new. I should, therefore, if it were necessary to decide it in this cause, regret that we have but a bare court. But I do not think such necessity exists. The parties themselves have settled the matter; and upon principles which, under the peculiar circumstances of this case, seem so just, that I feel no disposition to disturb them.
The heir, it will be remembered, was only a month old when her father died. Her mother was her natural guar *452 dian: no other has been appointed. How, then, could dower be assigned her ? The infant could not do it: and her mother must either, as guardian, have assigned dower to herself (of which the books shew us instances) or she must have applied to a court of equity to have it assigned. She chose the latter course. Her bill was filed three or four months after her husband’s death, and might have been filed at the first court of the county; and when filed, the whole business might have been done at once. It was all matter of consent: the bill, answer and decree, were all entered at the same court. The commissioners might have assigned the dower the next day. In that decretal order, made at her instance, the court direct the commissioners to ascertain the issues and profits of the land, and decide that a third shall be paid to her in respect of her dower. But this trouble she saved the commissioners, by arranging the whole matter of profits with the administrator, Moncure. To his conduct in regard to the employment of the slaves &tc. on the land, in making and perfecting the crops, and carrying them to market, she gave her assent; and this agreement between them was made early in the year 1823, probably at the commencement of it. She remained in the mansion house. The crops were, under the agreement, disposed of in the latter part of that year: she was paid her share: and thus the whole contract executed. It was probably a very judicious and convenient arrangement for her: at any rate it was one which she had_ a right to make. It was the settlement of a doubtful claim, which is a good consideration. She got a third, which was all she would have gotten, if •dower had been assigned her the day after her husband’s death, and it might have been so assigned her if she had chosen. She was the natural guardian of her child; and was the only person who could move in the business. She managed it all her own way, and seems to have been well content until after her second marriage, when this suit was brought. I think the judgment must be affirmed.
The other judges concurred.