THOMPSON, J.,
delivered the opinion of the court.
This is a suit in equity, brought by husband and wife to obtain assignment of dower of several tracts or parcels of land, of which the first husband of the wife was seized during the coverture, and which he aliened during the coverture without the wife’s consent, evidenced by her privy examination and relinquishment. The alienees and holders of the several tracts are convened in one and the same bill, and the appropriate relief prayed. One of the defendants, J. A. Lancaster, who holds two of the tracts, demurred to the bill of the plaintiffs, and assigns for cause of demurrer, “that the bill, as to parties defendant, is either too broad or too narrow. If it is the object and intention of the plaintiffs to go for a general assignment of the dower of the female plaintiff out of the lands and tenements of which her husband *was seized, &c. during the coverture, then his heirs and all the purchasers from him should have been made parties, so that dower might be assigned in this suit once for all, and binding upon all. But if it is their intention to go for separate assignments of dower out of each tract aliened by the husband in his lifetime, then this defendant, who is not charged as interested in any form whatever with the said Gannaway and others, or in the land held by them, should not have been involved in one suit with them, nor they with him for the same reason.” The court below sustained the demurrer and dismissed the plaintiffs’ bill, with costs. Prom this decree an appeal was allowed, and the question is, whether the bill was obnoxious to demurrer for the causes assigned in the demurrer, or for any other cause.
In a bill filed for dower against an alienee of the husband, it is very clear that neither the heir nor personal representative of the husband is a necessary party, nor is any but the last alienee, or the one found in possession and holding and claiming as owner in opposition to the claim of the dowress, and thereby deforcing her. Her claim is against the party in possession, who, in the event of her recovery or relief, is entitled to his remedy over against his alienor, or the real or personal representative of the husband, as the case may be. There is, then, nothing in the cause of error first assigned, objecting for the want or omission of all proper parties.
The remaining or alternative cause of error, objecting to this as a bill filed against separate and distinct holders of different tracts or parcels of land, claiming separate assignment of dower out of each tract aliened by the husband in his lifetime, raises the only question deserving consideration in the disposition of the demurrer; and that question is, Whether the bill is obnoxious to the charge of multifariousness? If it be, the demurrer was well taken, and properly sustained ; if not, the demurrer should have been overruled. Multifariousness ^consists in a plaintiff’s demanding in the same bill several matters of different natures against several defendants, and is objectionable and forbidden by the rules of equity pleading, because, among other reasons, of its tendency to load each defendant with an unnecessary burthen of costs, by swelling the pleadings with the state of the several claims of the other defendants, with which he has no connection. But when one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer for multifariousness will not hold. Por these propositions, the citations, in the petition for appeal, from Story and Mitford’s equity pleadings, furnish authority in point. And this being precisely such a case as the one last supposed — wherein one general right is asserted against defendants having separate and distinct rights in the subject— must be held free from the objection of multifariousness. In this case, convenience, which is said to be the foundation of the rule against multifariousness, is in accordance with the plaintiffs’ right to convene the defendants and assert their one general right against them in the same bill. It cannot possibly prejudice them, and is to be commended in consideration of its consonance with that maxim of equity which delights in preventing a multiplicity of suits. The propriety of proceeding by separate bills against each alienee and holder of the land, and thus multiplying suits, when one would serve every purpose of justice and convenience, would have been much more questionable, and liable to more plausible objection, than applies to one bill against all the alienees. We are therefore of the opinion, that the plaintiffs had the right, as they so elected, to convene all the holders as parties defendants in one and the same bill, and that it rested with them to elect whether to convene all the defendants in one suit, or bring separate suits against each.
Wherefore, the decree of the court below is reversed, *with costs against the appellee, J. A. Lancaster; and the court, proceeding to pronounce such decree as that court should have pronounced, the demurrer of J. A. Lancaster is overruled, and he directed to answer the bill within sixty days; and the cause is remanded tor further proceedings to be had therein, in order to a final decree.
STELD, P., and CLOPTON, J., concurred.
Decree reversed.