Robertson, Ch. J.
The defendant asks to be discharged from arrest, bn the ground that he was arrested in the court room of a district court while attending there to wait for the trial of an action to which he was a party. The deputy sheriff, (Mr. Gronegal,) who arrested him, swears that he did so in *705 Clinton street, and not in the-court house, at about ten o’clock in the morning, and went with him to see his lawyer, at his request, in such distrjct court, before the justice had arrived or any court was in session, but the defendant did not tell him he had any case on trial. The plaintiff, his counsel, and a witness who attended to justify as surety, corroborate such statement, and also swear that the defendant had previously informed them that he was going home; that his case would not.be brought on that day: that his attorney was not ready, and he had nothing further to do there. The defendant and his counsel swear that the former was arrested in the hall of the court room, and taken away from the presence of the' justice. The latter certifies that the defendant had, on the day of arrest, an action on his day calendar against the plaintiff and others, for trial. The plaintiff and his attorney testify that such cause was adjourned to that day merely for the justification of sureties, on his proposed removal of such action to the court of common pleas. .
The legislature of this state, which reduced the common law privilege from arrest of counsel and witnesses in attending judicial proceedings to a statutory one, (2 R. S. 290, § 86; Id. 402, § 51,) has left that of suitors Unregulated. Under those statutory provisions, a witness is only protected when actually subpoenaed, and a counsel when attending court for a trial actually pending. (Cole v. McClellan, 4 Hill, 59.) Liberality is exercised in regard to the reasonableness of the time forgoing, staying and returning, (Lightfoot v. Cameron, 2 W. Bl. 1113; Meekins v. Smith, 1 H. Bl. 636; Randall v. Gurney, 3 B. & A. 252, S. C. 1 Chit. 679; Strong v. Dickenson, 1 M. & W. 493; 13 East. 16 n. a. Tidd’s Pr. 195,) and the burden of establishing a deviation rests on the arresting party. (Selby v. Hills, 8 Bing. 166.) Stopping to attend to other matters is recognized as a deviation. (Chaffee v. Jones, 19 Pick. 260. Clark v. Grant, 2 Wend. 257.) Every thing of a judicial character seems to be embraced in the proceedings, an attendance at which protects a suitor. (Moore v. Booth, 3 Ves. 350. *706 Willingham v. Matthews, 6 Taunt. 356. Sandford v. Chuse, 3 Cowen R. 381. Clark v. Grant, ubi sup.)
In this case, although the preponderating evidence shows that the defendant was arrested in the street before the court in which his action was pending commenced its session, yet it also appears he came to attend either its trial or its removal upon the justification of sureties, and was leaving to go home because he thought nothing would be done. He was entitled to go to ascertain if any thing would be done that was expected, and return unmolested. Merely stopping to announce to opposing counsel that nothing would be done is not a deviation. He must be discharged from arrest, on stipulating not to bring an action, with ten dollars costs.