# Charleston.

JOSEPH G. ALDERSON'S HEIRS *et al. vs.* H. H. HENDERSON & Co.

January Term, 1872.

1. Where a bill is brought in the firm name, and process is served upon the defendants, some of whom answer, but no demurrer is filed or no objection made because the individual members of the firm are not named, there is not sufficient ground for the court to dismiss the bill at its own instance. And such cause, where a dismissal is had, may be reinstated under sec. 1 of chap. 132, acts 1868.

2 It is not error to assign full dower in one of several lots or parcels of land.

3. There is no priority given by statute to a debt due as administrator, over a lien created by judgment in the lifetime of the judgment debtor, who is also the administrator.

4. Where a decree confirming a master's report recites that there were no exceptions to it, the decree must be presumed in this court to be correct as to the facts recited in it, unless it appear otherwise in the record. And if exceptions appear to be endorsed on the report, and no *date* be attached thereto, there is nothing to show but that they were so endorsed after the decree was rendered.

Bill in chancery, filed in the circuit court of Greenbrier county, in July, 1866. Decree, October, 1869. The case is amply stated in the opinion of Berkshire, P.

*Davis* for the appellants.

*Dennis* for the appellee.

Answer to the first assignment of errors:

"The court first erred in reinstating the cause." The court dismissed the cause, because the bill was filed in the name of H. H. Henderson & Co., without stating who compose the firm. See Decree, p. 20, Record. The judgment was confessed at the March term, 1861, of county court of Greenbrier county, by defendant, Alderson, to H. H. Henderson & Co. (See copy of judgment). The bill followed the judgment. In *Scott &*

*Donaldson* vs. *Alexander & Co.*, 1 Wash., 331; and in *Taylor & Co.* vs. *McLean*, 3 Call, 557, the suits were brought against *A. & Co.* and *T. & Co.*, without stating who composed the firms, and the question was not even raised. In *Thomas Scott & Co.* vs. *Dunlop, Pollok, & Co.*, 2 Munf., 349, the suit was brought by *D., P. & Co.* vs. *S. & Co.*, without giving the names of the firms, and the judgment was reversed, *simply because the writ was served on a person not named, either in the writ or declaration.*

In Murdock, surviving partner of *Cunninghame & Co.* vs. *Herndon's Ex'or*, 4 H. & M., 199, the suit was brought in the name of William Cunninghame & Co. (he being the only plaintiff named in the declaration.) He died pending the suit; and it was admitted on the record that Peter Murdock and others were the surviving partners of William Cunninghame & Co.

The supreme court held that the suit did not abate in toto, by the death of Cunninghame, and Judge Tucker says, p. 202: "If such a motion had been made, I think the plaintiffs ought to have been permitted to amend their declaration by inserting the names of the surviving partners, intended to be comprehended under the word company." In *Totty's Ex'or* vs. *Donald & Co.*, 4 Munf., 430, it was held that a declaration by a mercantile firm omitting the names of the partners is good after verdict. In the case at bar, judgment was confessed. To the same purport is *Pate* vs. *Bacon & Co.*, 6 Munf., 219. In *Downer & Co.* vs. *Morrison*, 2 Gratt., 250, the suit was brought in the name of "*D & Co.*" There were two D's in the firm, and another partner named H. No objection was taken. Held: "No ground for defeating the action on the trial."

In the case at bar, the answers were all filed, the case was ready for the hearing; there was no demurrer; case submitted upon the merits, and the judge, "*Ex Mero motu,*" dismissed the bill. In this the court erred.

See, also, Ro. Pr. (New) 3 vol., p. 512. See Petition of Plffts., p. 23, Record. The suit was dismissed at the April term, 1868, and was reinstated at the August term, 1868. See Acts of Ass. of 1868, p. 115. This court can correct the error dismissing the bill, upon this appeal.

Answer to second error assigned:

The appellant says dower ought to have been assigned in each separate tract. This is not law, not is it common sense. Judge Tucker, in his Com., Book 2, p. 64, Dower, says, "If there be three houses, it would not be right to divide each, and give the widow one-third in each, for that would be to embarrass the use to all three, to all entitled." "With us, the same course is usually pursued in relation to several tracts of land." Ib.

Third. "Maria J. Alderson should have been treated as executrix *de son tort*." She did not qualify as executrix or administratrix of J. G. Alderson, at any time. There is no proof that she ever intermeddled with the estate. There is no proof in the cause that his personal estate amounted to over two hundred dollars worth at his death, and under the law she was entitled to that amount. The bill states that the personal property was duly appraised, and the appraisement bill shows that the amount was about two hundred dollars in value. How could the court then treat her as ex'or *de son tort?*

Fourth. "The court erred in allowing Mrs. Alderson too great an amount for her dower." Is this true? On the 12th day of March, 1863, J. G. Alderson and Maria J., his wife, conveyed a tract of 158 acres of land to T. A. Henning, by deed of that date. See Deed, p. 24, Record. This deed was acknowledged before Joel McPherson, a notary public for Greenbrier county, *in the State of Virginia*, on the *12th March*, 1863, and recorded by Joel McPherson, clerk of Greenbrier county, on the 24th March, 1863. At the date of this deed, Joel McPherson was neither a notary public nor clerk of the reorganized State of Virginia, and his acts, as such, are void in law. *Hawver* vs. *Seldenridge, Brown* vs. *Wylie, Burkheart* vs. *Jennings*, 2 W. Va. Reports. As to Mrs. A., the deed is void. A married woman can only convey her interest in land by deed duly acknowledged, before a proper officer, according to law. The circuit court held that this deed did not bar her right of dower in this 158 acre tract. In this there was no error. This deed is not good as a contract as to her. She was then a married woman. She and her husband were then one person in law. Her legal existence was suspended during the

marriage. 1 Ch., Blackstone, p. 442. An agreement made by her for the sale of her real estate, though made with her husband's consent, and for a good consideration, is void. *Lane* vs. *McKeen,* 15 Maine, 304. Her contracts are absolutely void. *Phillips* vs. *Hagadorn,* 12 Howard, 17; *Cobine* vs. *St. John,* Ib., 333; *Coon* vs. *Brook,* 21 Bar., 549, 15 Bar., 28. Accordingly, the commissioners, to lay off and assign the dower, first reported the facts in reference to this deed, and asked the court for instructions. See Report on p. 27, Record. The court gave the instructions as contained in the decree, on page 26, and the dower was then assigned, as mentioned in report of commissioners, as found on p. 22, Record.

If this deed is void as to Mrs. A., then the court did not allow her too much for her dower. The report was not excepted to by any person.

Fifth. The decree, on p. 42 of Record, answers this objection.

Sixth. "The court erred in treating the plaintiff's debt as a preferred debt." The plaintiffs obtained their judgment in the life-time of J. G. Alderson. By reference to the Code of Va., 1860, Ch. 131, § 3, it will be seen that real estate is made assetts for the payment of debts, in the same order as personal estate. Section 7. "This chapter shall not affect any lien, by judgment or otherwise, acquired in the lifetime of decedent." Thus a judgment in life-time of decedent has preference over a debt in a fiduciary capacity. Suppose the decedent had given a trust deed, in his life-time, on his lands, and five or ten years afterwards died, owing a debt as a fiduciary, can there be any doubt as to the preference of the trust deed? In *McCandlish* vs. *McKeen et al.,* 13 Gratt, p. 631, Judge Lee, in speaking of the interest which, by the statute, is made liable to the debts of a decedent, said: "The estate, then, thus made subject, is the estate of the debtor, not that which he may have previously conveyed to another, nor (except subject to the charge) that on which he has created a lien for the payment of a particular debt." "In the latter case creditors coming in under the statute, must take the subject in the same plight and condition in which the debtor left it." A debt due from a decedent, as a fiduciary, is not a specific lien upon his property. The creditor has the right to have the

186    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,    Alderson's Heirs *et al vs.* Henderson & Co.    1872.

property applied in the due course of administration, subject,. however, to any specific liens created by "judgment or other-wise," in his life-time.

Seventh and eighth. Already answered.

Ninth and tenth. The court overruled the exceptions to the commissioner's report, by the decree it rendered. It was not necessary to docket the judgment, in order to make it a lien. on the land. Code of Va., ch. 186, § 6, makes every judgment a lien on all the real estate of, or to which such person shall be possessed or entitled, at or after the date of the judgment. By section 8, the judgment is not a lien *as against a purchaser, without notice, unless docketed.* In the case at bar, Alderson. died seized and possessed of the land.

Eleventh. "The court erred in confirming the sales."

There is only one witness (Mr. Patton) who states the property sold for an inadequate price. There are ten on the other hand, who swear that the property sold for *its* full value, and many of them state that the property purchased by R. F. Dennis sold for more than it was worth. See Affidavits, pp. 45, 46, Record. The sale was regularly advertised for four successive weeks in a newspaper published in Lewisburg. If Mr. Patton, who is no party to this suit, and in no wise interested, was mistaken as to the day of sale, it was his own fault. A judgment, on confession, shall be equal to a release of errors. Code of Va., 1850, p. 742, ch. 181, § 2.

BERKSHIRE, P. A bill in equity was filed in the circuit. court of Greenbrier county by Henry H. Henderson & Co., against the widow and heirs of Joseph G. Alderson, deceased, and others, to enforce a judgment lien against the real estate of said Alderson. The judgment was obtained in favor of said Henderson & Co. against said Alderson, in March, 1861, in the county court of said county.

It appears that the real estate of said Alderson, at the time of his death, consisted of two houses and lots in the town of Lewisburg, and a small tract of land in the same county. It-further appears that the tract of land was sold by said Alder-son, in his life-time, and conveyed by him and his wife to the-purchaser, Thomas A. Henning, on the 12th day of March, 1863. Also, that Henning, on the 20th of November, 1863,

,sold and conveyed the same tract to Cyrus A. Rupert. The deed to Henning appears to have been acknowledged before Joel McPherson, who certified that he was a notary public for said county, and State of Virginia, on the 12th of March, 1863; and upon such acknowledgment the deed was recorded by him, as clerk of the county court of that county, on the 24th of the same month. But no copy of the deed from Henning to Rupert is found in the record, though it was made an ,exhibit of the amended bill filed by the complainant. It appears, however, that the latter took possession of the land after his purchase, and continued in possession up to the time of the hearing of the cause. The said Alderson made his last will and testament, which was duly recorded in the recorder's office of Greenbrier county, in 1866, whereby he devised and bequeathed all his estate, both real and personal, to his wife, Maria J. Alderson, subject to the payment of his debts. But it appears she formally renounced the will, within twelve months from the date of its probate, and elected to take such interest in the estate as she was entitled to under the law. It further appears that said Alderson was largely indebted at the time of his decease, and that his entire estate was inadequate to the payment of his debts. Sundry decrees were rendered in the cause, under which the widow's dower has been assigned to her, and the two houses and lots sold. But the question as to the sale of the tract of land was reserved in the decrees rendered, and remained undetermined when this appeal was taken.

The only parties now complaining as appellants, are a part of the heirs of Joseph G. Alderson. Very numerous errors in the decrees rendered are assigned, which I will proceed to consider.

The first of the errors assigned is, that the court erred in reinstating the cause after it had been dismissed at the cost of the complainant, at a previous term. The bill and amended bill were dismissed by the court, at its own instance, at the April term, 1868, and reinstated at the next term at the instance and upon the petition of the complainant. At the time of the dismissal, the process had been duly served on the adult defendants, some of whom had filed their answers; .and the answers of the infant defendants, by their guardian

*ad litem,* had also been filed.   But no demurrer to the bill or amended bill had been filed, or objection to them made for the reason that they failed to set forth or state who composed the firm of Henry H. Henderson & Co., that being the reason assigned by the court for dismissing the same.   It appears from the petition of the complainant that there never was *in fact* any company or any one interested in the judgment but himself, though it was confessed in favor of Henry H. Henderson & Co., and the bill simply followed the judgment in this respect.   I think there was no sufficient ground for dismissing the bill and amended bill, and that the court did not err in reinstating the cause; which it was clearly authorized to do under the first section of chapter 132 of the act of March, 1868, p. 115.

It is next claimed that the court erred in assigning the widow's dower in the real estate in *one* lot instead of assigning it separately in each; and also because she was allowed too *large* an interest in such estate.   There is nothing in the record to show that the dower interest assigned to her is excessive; and it is not perceived that there was any error in assigning her full dower in the whole estate in one of the lots.   And, moreover, it could not be an error to the prejudice of the appellants, as we have already seen that the entire estate of the said Joseph G. Alderson will not be sufficient to discharge the indebtedness of his estate.

It is also assigned as an error, that the court erred in not holding the widow of Joseph G. Alderson as an executor *de son tort.*   There is not the slightest foundation for this objection, as it is neither charged nor proved that she can in any manner intermeddle with the estate.

It is further claimed that the court erred in not subjecting to sale the tract of land sold and conveyed by Alderson to Henning.   The answer to this objection is that the court did *not* refuse to do so, but reserved that question in the decree complained of, and therefore the cause, as to *that* question, is still pending in that court.

It is also objected that the court erred in giving the complainant's judgment priority over the debt due from Joseph G. and Marcus Alderson, as administrators of John Alderson, deceased.   This objection is not valid.   The master reports

this judgment a lien on the real estate of Joseph G. Alderson, having priority over the debt just referred to, and the statute, Code 1860, ch., 130, § 25, p. 598, does not give such debts priority over a *lien* created on the estate of a decedent in his life-time.

It is further claimed that the court again erred in not passing on the exceptions to the master commissioner Walker's report, and also in confirming the same. The decree confirming the report recites that there were *no* exceptions to it, and that it was accordingly confirmed. This decree must be presumed, in this court, to be correct, as to the facts recited in it, unless it otherwise appears by the record. There is nothing appearing therein which necessarily conflicts with the decree in this respect. It is true it *does* appear that exceptions to said report, taken by Eliza Patton and some of the other defendants who have not appealed, are found in the record. But they are without *date,* and there is nothing in the record from which it can be reasonably inferred that they were endorsed or filed *before* the decree was rendered, and from aught that appears they may have been taken and filed afterwards. And this being the case, it is unnecessary to consider any of the questions founded on such exceptions.

The remaining error insisted on is that the court erred in confirming the sales of the lots purchased respectively by the widow Maria J. Alderson and R. F. Dennis. There is nothing in the proofs showing that these sales, or either of them, were irregular or improper, and consequently no error was committed in confirming them. Upon the whole, I can discover no error in the decrees complained of, sufficient to require their reversal, and they must therefore be affirmed, with costs and damages.

The other judges concurred.

DECREE AFFIRMED.