# CHARLESTON.

## HENDERSON & CO. v. ALDERSON.

### February 25, 1874.

The fact that a deed was made, acknowledged and recorded during the war, does not render it null and void; there must be some special circumstances alleged to show, *prima facie*, the deed is null and void.

1874.
January Term.

2. Where the record does not show when an amended bill or an answer is filed, yet if the decree shows the court proceeded to hear the cause upon the amended bill and answer, the appellate court will consider them properly filed.

3. It is irregular and error, for a court, upon motion of a person not a party to the suit, and the record not showing he has an interest in the subject matter of the suit, to order a commissioner to ascertain and report whether the consideration of a deed was confederate money or good money; or whether the consideration of a deed was legal or illegal. And it would have been improper for the court, *ex mero motu*, to have made such an order, as the consideration for the deed had not been brought into issue by the pleadings.

4. A deed, even if the consideration was Confederate money, if within the scope of legitimate contract and not in aid of the rebellion, regularly acknowledged before, and recorded by a proper officer of the State Government, then under the power of the Confederate States' Government, is good.

5. A married woman having united with her husband, as grantor, in such a deed, is not entitled to dower in the land so conveyed.*

*The following is section eight of chapter one hundred and eighty-six of the Code of Virginia, ed. 1860, referred to in the opinion of the court and also sections three and four, of the same chapter, referred to in said section eight:

"8. No judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice, unless it be docketed according to the third and fourth sections of this chapter, in the county or corporation wherein such real estate is, either within a year next after the date of such judgment, or ninety days before the conveyance of said estate to such purchaser."

An appeal by Cyrus A. Rupert, Thomas A. Henning and J. G. Cox, Administrator of William G. Margrave from a decree of the circuit court of Greenbrier county, in a suit in chancery, pending in said court, wherein Henry H. Henderson & Co., were complainants, and Thomas G. Alderson, Eliza Patton, Zachariah Woodson and Sarah, his wife, Ammon Alderson, infant, Rufus Alderson, infant, Judson Alderson, infant, Charles Alderson, infant, Bettie N. Alderson, infant, John W. Dunn, Robert P. White, Wallace Robinson, sheriff of said Greenbrier county, and, as such administrator of J. G. Alderson, deceased, Maria J. Alderson, widow of said J. G. Alderson, John G. Cox, Administrator of William G. Margrave, deceased, Joel McPherson, Cyrus A. Rupert and Thomas A. Henning, were respondents.    The decree was rendered on the 24th day of April, 1872, the Hon. Joseph M. McWhorter, judge of said circuit court, presiding at the hearing below.    The other facts sufficiently appear in the opinion of the court, delivered by Moore, judge.

*Samuel Price*, for the appellants.

*Robert F. Dennis* and *James W. Davis*, for the appellees.

MOORE, JUDGE :

This cause is a sequel to the case of *Alderson's Heirs v. Henderson & Co.*, reported in 5 W. Va. 182; and reaches this court now, on an appeal taken by Thomas A.

"3. In the following section, the word "judgment" shall include any bond or recognizance which has the force of a judgment."

"4. The clerk of each county and corporation court shall keep in his office, in a well bound book, a judgment docket, in which he shall docket without delay any judgment in this State, when he shall be required to do so by any person interested, on such person's delivering him, if the judgment be not in his court or office, an authenticated abstract of it.    In such docket there shall be stated in separate columns, the date and amount of the judgment, the date of docketing it, the alternative value of any specific property recovered by it, and the amount and date of any credits on the judgment, with the names, description and residence of the parties so far as they appear in his office or in such abstract.    Every judgment shall, so soon as it is docketed be indexed in the name of each defendant therein.    If a clerk fail to do any thing required of him by this section, he shall pay a fine of not less than thirty nor more than three hundred dollars to any person who will prosecute therefor."

Henning, C. A. Rupert and J. G. Cox, adm'r of Wm. G. Margrave, deceased, from a decree rendered by the circuit court of Greenbrier county, on the 24th day of April, 1872.

It appears from the record of the case, as presented to the court on the former appeal, and from the opinion of the court as reported, that the interests of Henning, Rupert and the administrator Cox were not affected by the decree then appealed from, but the question, whether the land held by Rupert was liable to the plaintiffs' (Hendersons') judgment lien, was expressly reserved for future adjudication. All the questions, with that exception, now arising in this cause were adjudicated by the Supreme Court of Appeals upon the former appeal, and are therefore *res adjudicata.*

It appears from the amended bill, that J. G. Alderson, on the 28th day of April, 1862, executed a trust deed, upon a tract of land containing one hundred and fifty-eight acres, in Greenbrier county, to Joel McPherson as trustee, to secure a debt of $500 and interest due to Wm. G. Margrave, which trust deed was recorded on the same day it was made; that on the 12th day of March, 1863, said Alderson conveyed, by deed of that date, this same land to Thomas A. Henning, recorded March 24th, 1863; and that said Henning conveyed the same land to Cyrus A. Rupert, by deed dated November 20, 1863, and recorded January 28, 1864.

The plaintiffs allege that *"these deeds are all null and void, as they were executed and recorded and acknowledged during the war."* And they farther allege that their judgment, as set out in the original bill, is a lien upon this tract of land. The judgment obtained by the plaintiffs against Alderson, was rendered by the county court, March 25th, 1861. The judgment was never docketed, as required by statute to preserve the lien; and therefore the lien does not exist as against a purchaser of the land for valuable consideration, without notice. Code, 1860, Ch. 186, sec. 8, p. 771.

The allegation that "these deeds are all null and void *as they were executed and vended and acknowledged during the war,*" is not such as is required by the rules of equity pleading; but is vague and indefinite. The allegation should be positive and direct, and not merely inferential.

The mere fact that a deed was made, acknowledged and recorded during the war, does not render it null and void; there must be some special circumstances alleged, so as to show *prima facie* that the deed is null and void, and thus enable the defendants to respond specifically.

The record does not show when the amended bill and the answer of Henning, Rupert and Cox were filed; and in fact it does not show at what time some of the decrees were entered. But as the circuit court proceeded to farther hear the cause on the 14th day of January, 1869, without objection, on the said amended bill and answer, as appears from the decree of that date, the appellate court will consider them properly filed.

The said defendants, in their answer, "*deny that they had any notice of such judgment when they respectively purchased, paid the purchase money, which they allege they have long since done, and obtained their deeds, respectively, as set forth in the bill.*" They also deny the plaintiffs' right to subject the land to the payment of the judgment.

At the June term of the circuit court, 1869, "*on motion of the administrator de bonis non of T. B. Patton, deceased,*" the court ordered special commissioner Mathews "to ascertain and report whether the consideration of the deed from Joseph G. Alderson to Thomas A. Henning was Confederate money or good money; and whether the consideration of the deed from Thomas A. Henning to Cyrus A. Rupert was legal or illegal," &c.

The record does not disclose what interest, or any interest, the administrator of T. B. Patton, deceased, or

Patton, himself, may have in the subject; nor does said administrator appear to have been in any way a party to the suit. It certainly was irregular for the court to have entertained such a motion when made by a person unknown on the record as a party.

Nor would it have been proper for the court, *ex mero motu*, to have made the order, as the consideration for the deeds had not been brought into issue by the pleadings.

The commissioner, acting upon that order, made his report, not upon *"positive proof,"* but as he says, *"in the absence of any positive proof, the Confederate presumption —that is, the presumption from the date of the transaction, and the currency in circulation at the time, that Confederate money was intended—attaches."* Upon that hypothesis he reports that the consideration of both deeds was Confederate money. The record does not show whether the court acted upon the commissioner's report or not; but on the 24th day of April, 1872, the court, by decree, declared the deeds to Henning to Rupert, and the trust deed, void, as to creditors, and directed the land to be sold for the payment of the debts of Alderson. The decree does not state the grounds upon which the court declared the deeds void. There is nothing in the pleadings, nothing in the proof of the cause that tends, in the slightest degree to impeach the deeds. Even if the consideration had been for Confederate money, if within the scope of legitimate contract and not in aid of the rebellion, and although the deeds were acknowledged before and recorded by proper officers of the state government then under the power of the Confederate government, as claimed in argument, the principles decided by this court in the cases of *Harrison's Ex'or. v. Farmers' Bank of Virginia,* 6 W. Va., 1, and *Henning v. Fisher,* Ibid. 238, are conclusive of these questions, and the deeds must be held, not null and void, but good and sufficient. Therefore I am of opinion that the decree of the circuit court, so far as it declares the deeds void and directs the one

hundred and fifty-eight acres of land to be sold, should be reversed.

And it appearing also from the record that the defendant, Maria J. Alderson, united with her late husband, the said J. G. Alderson, in making and acknowledging the deed to Henning, she is not entitled to dower in the said one hundred and fifty-eight acres, and the decree of said circuit court, rendered January 14th, 1869, so far as it directs the assignment of dower to her in the said one hundred and fifty-eight acres is erroneous and should be reversed, with costs.

The other Judges concurred.

DECREES REVERSED.