# CHARLESTON

## MEYER v. BARNETT et al.

Submitted June 13, 1906.    Decided November 20, 1906.

1. EQUITABLE ESTATE—*Owner in Fee.*

    By the provisions of a deed, land is granted to a trustee for the use and benefit of the grantor, and to collect the rents, issues and profits and to pay the net amount thereof, after paying taxes, costs of insurance and repairs, to the grantor as demanded during his life, and there is reserved to the grantor the absolute and umlimited power of disposition of the land in fee; and the trustee is directed to convey the land to such person or persons as the grantor may designate, and, upon the death of the grantor, to convey any residue of the land that may then be unconveyed to the children of the grantor or their decendants; and upon consideration of the whole deed it appears that the intention to reserve to the grantor the absolute and unlimited power of disposition of the land in fee simple is paramount to and intended to prevail over, an words of the deed indicating that a life estate only in the land is reserved to the grantor. *Held:* the grantor after making such deed remains the owner of at least an equitable estate in fee simple in the land. (pp. 470, 471.)

2. SAME—*Widow's Dower.*

    The widow of such grantor is entitled to dower in said land, when it appears that he was the owner of such perfect equitable estate in fee simple during coverture. (p. 472.)

Appeal from Circuit Court, Wood County.

Suit by Josephine C. Meyer against Eunice C. Barnett *et al.* Decree for defendant, and plaintiff appeals.

*Reversed.    Remanded.*

WM. BEARD and CHARLES A. SMITH, for appellant.

VANWINKLE & AMBLER, for appellees.

COX, JUDGE:

Appellant, Josephine C. Meyer, widow of Jacob M. Meyer, deceased, complains of a decree of the circuit court of Wood county, entered in a suit in equity brought by her against his heirs at law in said court for the purpose of having dower assigned to her in the real estate of her late husband. It is conceded that she is entitled to dower in one parcel of real estate, known as the "Thanhouser property,"

in the city of Parkersburg, and commissioners were appointed to assign dower in that property and to report upon certain other matters referred to them by said decree.

The principal controversy here is whether or not the appellant is entitled to dower in four other parcels of real estate, in the bill described and designated as numbers 2, 3, 4 and 5. The right of appellant to dower in these four parcels depends upon the validity and effect of a certain writing dated the 13th of September, 1899, executed by Jacob M. Meyer more than three years previous to his marriage with appellant. This writing on its face purports to be a deed of trust made by said Meyer to his son, C. A. Meyer. The purpose of the writing, as therein stated, and the granting clause thereof, are as follows: "Whereas, the said party of the first part is conscious of declining years, and in order to provide for support and maintenance during the residue of his life has deemed it proper to convey his real estate in trust to the said party of the second part, that the rents, issues and profits thereof might be collected, appropriated and applied to the support and maintenance of the said party of the first part; and in order to carry out such purpose and make substantial provision for his said maintenance and support, makes this deed according to the limitations and conditions hereinafter contained. Now, in consideration of the premises, the said party of the first part hereby grants and conveys unto the said party of the second part in trust for the uses and purposes and with the limitation hereinafter set forth all the following real estate now owned by him." Then follows the description of the four several parcels of real estate mentioned, and also these provisions: "But this conveyance is nevertheless in trust to the said party of the second part to have and to hold the said above described real estate and each parcel thereof for the use and benefit of the said party of the first part to collect the rents, issues and profits thereof, and from the same to pay all the taxes, insurance and costs of repairs in, upon or against said property, and the net amount of such rents, issues and profits the said trustee shall pay as the same may be demanded to the said party of the first part for his absolute use and disposition, and to continue to pay such rents, issues and profits in the manner aforesaid to the said party of the first part for and during his

natural life unless there should be a sale of said property or a disposition thereof by the said party of the first part under the terms hereof during his said life. And then upon this further trust, that the said trustee at any time that the said party of the first part may require, shall upon request grant and convey by suitable conveyance to such person or persons for such consideration as the said party of the first part may demand to any person or persons that he may designate the said property or any part thereof may be conveyed, and upon such conveyance the said trustee shall be divested of all title, right, interest or claim in and to the property so directed by the said party of the first part to be by the said party of the second part conveyed as herein provided. Upon the death of the said party of the first part the said party of the second part shall, as to any residue of said property that may be unconveyed, convey the same by suitable conveyance as nearly equal in quantity and value as can be done to the child or children of the said Jacob M. Meyer or the descendants of any child or children who may survive him, except that in the event any of the said property shall have been conveyed by the direction of the said Jacob M. Meyer to any child or children that such child or children who shall have received property under a conveyance from said trustee as herein provided, they shall not participate or be entitled to any portion of the residue of the said real estate that might remain at the time of the death of the said Jacob M. Meyer.'' The decree complained of defeats the right to dower of appellant in said four several parcels of real estate, but recites that she is entitled to dower in the ''Thanhouser property.'' It is uncontroverted that previous to said writing Jacob M. Meyer was the owner in fee of said four parcels of real estate.

Counsel for appellant contend that the writing mentioned is testamentary in character, and invalid because not properly executed and attested as a will; that, if it be considered a deed, it was never delivered, being found after the death of the grantor in his safe at his late residence; and that its legal effect, if delivered, was not to divest Jacob M. Meyer, the grantor, of the fee in such real estate. On the other hand, counsel for appellees, the heirs of Jacob M. Meyer, contend that the writing is a deed duly executed, acknowl-

edged, delivered and recorded, and that it operated to divest the grantor of any estate of inheritance in said real estate, and that, being executed previous to grantor's marriage with appellant, she is not dowable in such real estate.

The single question is: Was the grantor, Jacob M. Meyer, or another to his use, at any time during the coverture of appellant, seized of an estate of inheritance in the real estate conveyed by the writing? Section 1, chapter 65, Code 1906. We shall first consider the legal effect of this writing, supposing it to be a deed properly executed and delivered, and not testamentary in character. In the case of *Morgan* v. *Morgan*, decided at this term, 60 W. Va. 327, this Court announced the principles which must, in our judgment, govern the determination of the legal effect of this deed. That case involved the legal effect of a deed by which a grantor conveyed certain real estate to a trustee, upon trust that he permit the wife of a third person to possess the property and take the rents and profits thereof during her life, and upon the further trust that the trustee should sell or otherwise dispose of the property at such time and in such manner as the wife by writing signed with her name should direct, and upon the further trust that, should the wife die without having directed and completed any sale of the property and her husband survive her, then the trustee should convey the property to the husband in fee, and upon the further trust that, should the wife survive her husband and die without having sold the property, then the trustees should hold the property in trust for the heirs of the husband. In that case, it was held that the first taker, the wife, took an equitable estate in fee, and that the attempted limitation over to the husband or to his heirs was void for repugnacy and uncertainty. The principles upon which that decision was made are that the wife was given an absolute and unlimited power of disposition of the property in fee, and that such power of disposition was the primary or dominant intention of the deed, and was intended to prevail over any words indicating a life estate only in the wife, and that the attempted limitation over after the death of the wife, being inconsistent with such a power of disposition, must yield to the primary or dominent intention. Upon this subject, we can not do better than to repeat the language of Judge Tucker

in *Burwell's Exor's*. v. *Anderson, Admr.*, 3 Leigh 348, as follows: "From the earliest time, it has been among the received doctrines of the common law, that an absolute and unqualified power of disposing, conferred by will, and not controlled or explained by any other provision, should be considered as a gift of the absolute property. In this the law but corresponds with the dictates of common reason. Every man of ordinary capacity would understand a power to dispose of a thing as he pleased as a gift of the thing itself; and hence, everyone who uses the phrase without qualification, is understood by the law as intending a gift. The power of absolute disposition is, indeed, the eminent quality of absolute property. He who has the absolute property, has inseparably the absolute power over it; and he to whom is given the absolute power over an estate, acquires thereby the absolute property; unless there is something in the gift which negatives and overthrows this otherwise irresistible implication." In *Milhollen* v. *Rice*, 13 W. Va. 510, Judge Green, for this Court, said: "It is settled that if a testator gives property to devisee or legatee, to use or dispose of at his pleasure, that is, to consume or spend, sell or give away at his pleasure, such devisee or legatee has the fee simple or absolute property, even though his interest in it be called by the will a life estate, and there be a provision in the will whereby what may remain of the property at the death of the devisee or legatee, is given to another person." See also *Shermer* v. *Shermer*, 1 Wash. 266; same, 1 Wythe 159; *Guthrie* v. *Guthrie*, 1 Call (Va.) 7; *Riddick* v. *Cohoon*, 4 Rand. 547; *Melson* v. *Cooper*, 4 Leigh 408; *May* v. *Joynes*, 20 Grat. 692; *Farish* v. *Wayman*, 91 Va. 430; *Davis* v. *Heppert*, 96 Va. 775; *Jackson* v. *Robins*, 16 Johns. (N. Y.) 537; *Wilmoth* v. *Wilmoth*, 34 W. Va. 426, and other cases. The law above stated applies alike to a deed or a will. It is true that the deed here, like the deed in the Morgan case, provided that the first beneficiary should receive the rents and profits during life; but, considering all the provisions of the deed in question here, it does not seem that the provision in relation to rents and profits was intended to define the quantity of the estate remaining in the grantor. The stated purpose of the deed is that the land is conveyed for the use and benefit, and to provide for the maintenance and support, of

Jacob M. Meyer. His power of disposition of the fee simple during his life was certainly absolute and unlimited. No contention is made by either side that he did not have the absolute and unlimited power of disposition of the fee after the deed was made. The fact that he did not exercise that power does not change the quantity of the estate in him. This absolute and unlimited power of disposition appears to us to have been the primary intention of the deed; that is, intended to prevail over any words of the deed indicating that a life estate only was reserved to the grantor. The provision of the deed directing the trustee to convey to the children and descendants upon the death of Jacob M. Meyer, was by its own terms made subject to his power of disposition in his lifetime. This provision directs the trustee upon the death of Jacob M. Meyer to convey to his children or descendants only the *residue* of said property that may be unconveyed. Thus, the paramount right of Jacob M. Meyer to have the property conveyed in his lifetime is expressly recognized in this provision.

It is unnecessary further to repeat the principles announced in *Morgan* v. *Morgan*. Under the authorities there and here cited, we are forced to the conclusion that Jacob M. Meyer after the deed in question remained the owner of at least an equitable estate in fee simple in the four parcels of real estate which purport to be conveyed by the deed. It is immaterial to inquire whether or not he had the legal title, under principles announced by this Court in *Angle* v. *Marshall*, 55 W. Va. 571, because the widow is dowable, even if the estate be only a perfect equitable estate in fee. This equitable estate in fee remained in Jacob M. Meyer after his marriage with appellant and until his death. Therefore, she is entitled to dower in the said four several parcels of real estate, as well as in the "Thanhouser property." Our views of the legal effect of the deed make it unnecessary to discuss the question as to delivery of the deed, or whether it is testamentary in character, or any other matter raised. If the deed was or was not delivered, appellant is entitled to dower. If it is testamentary she is likewise entitled to dower, because it can not stand as a will, not being executed and attested according to the statute.

The decree complained of properly ascertained that ap-

pellant is entitled to dower in the "Thanhouser property," and we now hold that she is also entitled to dower in the four several parcels of real estate described in said deed of the 13th of September, 1899, and also in the bill, and designated therein as numbers 2, 3, 4 and 5. This holding changes the situation. It may be that full dower may be assigned to the widow in one parcel. *Alderson's Heirs* v. *Henderson & Co.*, 5 W. Va. 182. Whether such is the case or not, does not now appear. However, the situation being changed by our decision, we think that the decree complained of should be reversed *in toto*, so that the lower court, having before it the whole subject of assigning dower in all the real estate, may proceed according to the principles of equity in so doing.

For the reasons stated, the decree complained of is reversed, and this cause remanded to be further proceeded with according to the principles herein announced and the rules governing courts of equity.

*Reversed.   Remanded.*