CHRISTIAN, J.,
delivered the opinion of the court.
*It is a doctrine of courts of equity, supported by abundant authority, and established by the decisions of this court, that a post nuptial settlement in favor of a wife, made in .pursuance- of a fair contract for valuable consideration, will be held good. And although it may have been made under such circumstances, that it must be pronounced fraudulent and void as to the creditors of the husband, vet if the wife have relinquished her interest in property, on the faith of such settlement, it will be held good to the extent of a just compensation for the interest she may have parted with. William & Mary College v. Powell, 12 Gratt. 372, and cases there cited.
The wife’s right of dower is a valuable interest, which she cannot be compelled to resign, and which the law very carefully protects from the control of her husband. And therefore the release of her dower is held to be a good consideration for a settlement, and is good against creditors of the husband to the extent of the value of the dower released.
Courts of equity are alwas^s liberal towards the wife in supporting such settlements, *489 when fairly made, and will not interfere in favor of creditors, unless the estimated value of the dower released be shown to be excessive. When found to be excessive, courts of equity will generally not set aside the deed of settlement as null and void, but will reduce the amount settled upon the wife to a fair and just compensation for the interest she may have parted with. Harvey v. Alexander, 1 Rand. 219; Quarles v. Dacy, 4 Munf. 251; Sykes v. Chadwick, 18 Wall. U. S. R. 141.
Det us now apply these principles to the case before us. Braxton Davis being heavily indebted to numerous creditors, and being the owner of large and valuable real estate, executed two deeds, each bearing date *the 22d May 1866. By the one he conveyed to Alex. H. H. Stuart and John B. Baldwin, certain personal estate and three valuable tracts of land, and his interest in a fourth tract, in trust to secure his creditors. This deed empowered the trustees to make sale of the real and personal estate conveyed at such times as they may deem expedient; and provides that at such sales any of the creditors of said Davis shall be allowed to purchase and receive credit on account of their respective purchases, for any just claims they may, hold or acquire prior to said sale. The trustees were directed to pay “first, all debts for which any one might be bound as surety for said Davis ; all the other creditors to be paid pari passu.”
This deed had this further provision : “In order to ascertain the amount of the debts, the sum due to each creditor, said trustees may convene all the creditors, by publication, before a commissioner, who shall determine in each case how much is justly due. ’ ’
The other deed, executed the same day, after reciting “that whereas said Braxton Davis is now advanced in life and encumbered by many outstanding debts, which he wishes to secure by deed of trust on various tracts of valuable land, in all of which the said Agnes M. Davis has a right of dower; and whereas it is desirable that the said Agnes M. Davis should unite in the deed of trust so as to secure a perfect title to the purchasers under said trust deed; and whereas she has agreed to unite in said deed upon the condition that said Braxton Davis shall convey to a trustee for the benefit of herself and her children by her marriage with said Davis, other lands and personal property of a value equivalent to her right of dower in the whole estate of said Braxton Davis, ’ ’ &c., the grantor conveyed to John B. Baldwin ^trustee, in consideration of the premises, and in order to carry into effect the above recited understanding and agreement, two tracts of land, one being the tract on which the said Davis resided, containing one hundred and ten acres, and the other, known as the Porterfield tract, containing three hundred and eleven acres, together with all his household and kitchen furniture, and certain other personal estate therein named, “upon the following trust, viz: that he shall allow said Agnes M. Davis to occupy and reside on said farms for and during her coverture, free from the debts or contracts of her husband; and in the event of the death of her husband, tnat he will convey said lands to said Agnes M. Davis to hold it during her natural life, with remainder to the children of said Braxton and Agnes M. Davis, in fee.”
The creditors were no parties to these deeds, nor is it pretended that they were represented by the trustees in the first named deed, or had any notice of it until it was admitted to record.
But in this connection may be noticed the position taken by the learned counsel in his petition of appeal, and urged in argument here. Admitting that the creditors were not present, consenting to this disposition of his property by Davis, the grantor, and that the trustees did not represent them, he insists that they accepted and ratified this arrangement made for their benefit, by proving their respective claims before the commissioner appointed by the trustees, under the provision of the deed before referred to, and that having thus accepted the provisions of the deed they cannot now claim against it. It is sufficient to remark, that the record in this case does not show that any commissioner was ever appointed to audit their claims, though it is asserted by the counsel for the appellant *that the fact did appear in the court below; and he suggests a diminution of the record if this court should agree with him in considering it a fact of sufficient importance. On the other hand, the counsel for the appellee denies that the plaintiffs in this suit (there seems to be other suits involving the same questions in the Circuit court) ever did present their claims before a commissioner appointed by the trustees under the deed. However the fact may be, the court will not hold the creditors bound by the provisions of the deed, upon the ground that they were accepted and ratified, simply because they proved their respective claims before a commissioner appointed by the trustees. If they did thus produce and prove their debts, it was before the large indebtedness of the grantor was known, and before it was ascertained what was the probable value of the estate, real and personal, which he had dedicated to the payment of his debts by placing it in the hands of trustees. They might well have produced their claims before the commissioner, under the conviction that the property in the hands of the trustees was amply'sufficient to pay all his debts. But when it turns out upon the actual sale of the property conveyed that there is not enough in the hands of the trustees by many thousand dollars to pay the debts of the grantor, surely the creditors, who were no parties to the deed, are not bound by it, simply because, at the invitation of the trustees, they brought their claims before a commissioner of their appointment to be audited. This cannot be construed into a purpose on their part *490 to claim only under the deed, or in any manner as a ratification of its provisions.
The case, unencumbered by this pretension of the appellant, presents one single question as to whether the settlement made upon the wife is excessive, or, *rather so excessive, that a court of . equity will set it aside as a fraud upon . the rights of the creditors; and, if so set aside, what are the rights of the wife as against the creditors. The grantor was the owner of five tracts of land, and a supposed interest in a sixth, which last turned out to be of no value.
He conveyed three of these tracts to trustees for the benefit of his creditors, to wit: the “Turk Place,” containing five hundred acres, the Craig tract, containing about five hundred acres, and the Coiner tract, containing over two hundred acres. These three tracts are estimated by the commissioner (and we think it a fair estimate upon the evidence) ait the aggregate sum' of $35,675.
Two tracts of land were settled by the grantor upon his wife, upon consideration that she should relinquish her right of dower in the whole. These were the Porterfield tract, containing three hundred and eleven acres, and valued by the commissioner at $20,860, and the Rader tract, containing one hundred and ten acres, valued by the commissioner at $7,471,- ággregating $28,331, being more than two-thirds of the a'mount in value of the lands conveyed to his creditors.
The court is of opinion that the settlement of this amount upon the wife was grossly in excess of a fair and just compensation for her dower rights in the whole real estate of her husband, and that there is no error in the decree of the Circuit court in so declaring.
But the court'is further of opinion that the Circuit court ought not to have set aside the settlement made in favor of Mrs. Davis without first giving to her the election either to accept a reasonable amount in' lieu of her right of dower, or to have laid off to her in kind in the land not sold by the trustees, her dower in the whole real estate of her husband.
*Where a wife is induced to unite with her husband in conveying away her interest in his real estate upon condition that certain and specific property shall be settled on her in consideration of her thus parting with her rights, if such settlement is set aside and annulled she has the right to be placed in the same position and restored to the same rights with which she was invested by law before she united in the deed of which the specific settlement was the consideration; provided this can be done without prejudice to the rights of creditors or purchasers.'
In the case before us we must regard the two deeds executed and recorded on the same day, as one and the same transaction; and so regarding them, it is apparent that it was agreed between the said Braxton Davis and the said Agnes M. Davis that the conveyance for her benefit of the Porterfield tract and the Rader tract would be a fair equivalent for her right of dower in his whole real estate; and that she united in the deed to the trustees upon cohdition that these two tracts of land should be settled on her. This was the consideration upon which she parted with her interest in the three valuable tracts of land conveyed by her husband for the benefit of his creditors.
One of the tracts settled upon her was the homestead, which, it is fair to presume, had in her eyes peculiar value. The presumption is she would never have united in the 'deed but for this specific arrangement for her. At any rate, this was the specific consideration upon which she executed the deed. She was parting with valuable interests. Her husband was advanced in years; she was young. She had the right of dower in five valuable estates. She had the right to demand a settlement to compensate her for the relinquishment of her rights.
*No doubt at the time the settlement was made, the grantor believed that the three valuable farms and the large personal estate which he had dedicated to the payment of his debts, and directed his trustees to sell for that purpose, would be amply sufficient to satisfy all his creditors. But owing to the depreciation in the market value of the land, the sales will not meet the debts by a large deficiency; and the court below was compelled to declare the settlement on Mrs. Davis excessive, and forced to decree to her what was, in its opinion, a fair settlement.
We are of opinion, however, that Mrs. Davis, under the circumstances of this case, was entitled to be restored, as far as possible, to the same position and invested with the same legal rights she had before she united in the deed with her husband; and the husband being dead, she may, if she so elects, claim her right to dower in the whole real estate of her husband; the value either to be commuted in money or laid off in kind, in the lands not sold by the trustees. This can be done without prejudice to the rights of creditors or purchasers, as the value of her dower in each of the five tracts of which her husband died seized, may now be laid off in the lands still unsold, to wit, the Porterfield and Rader tracts.
The court is therefore of opinion that the decree of the Circuit court be reversed, and the cause be remanded to said Circuit court to be proceeded in in accordance with the principles herein declared.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree of the said Circuit court in declaring the settlement made upon the appellant, Mrs. Agnes "Davis, widow of Braxton Davis, deceased, by deed bearing date May 22d, 1866, was excessive, “and that the same if uncorrected would operate a gross fraud upon the large number of unpaid creditors of Braxton Davis. ’ ’ But the court is further *491 of opinion, that inasmuch as Mrs. Davis united in the deed made by her husband to Stuart and Baldwin, trustees, for the benefit of his creditors, upon condition that the “Porterfield” and “Rader” tracts of land should be settled upon her; and as this settlement cannot now be enforced, because it is excessive, the said Circuit court ought, instead of reforming and reducing the amount of the settlement to what it considered a fair and just compensation for the relinquishment of her contingent right of dower, should first have restored Mrs. Davis to the same position and the same legal rights which she had before she united in said deed with her husband, and should therefore have given to her the election, whether she would accept a reasonable settlement to be made by the court in lieu of the settlement made by her husband, or whether she would elect to assert now her claim, of dower in all the real estate of her husband, he being now dead, and there being two tracts of land not yet sold by the trustees, in which her dower in kind can now be laid off and assigned to her. It is therefore decreed and ordered, that the decree of the said Circuit court (except so far as it declares that the said settlement is excessive, in which respect it is affirmed,) be reversed and annulled, and that the appellants recover against the appellees, the creditors of said Braxton Davis, deceased, their costs by them expended in the prosecution of their appeal aforesaid here; and that the cause be remanded to the said Circuit court with instructions to give to the appellant, Agnes M. Davis, the option whether she will ^accept a reasonable allowance to be made by the said Circuit court in lieu of the settlement made by her husband for her by the deed of the 22d May 1866, or whether she will now assert her claim to dower in the whole real estate of her husband, Braxton Davis, deceased; and if she claims the latter, then the same shall either be laid off to her in kind in the “Porterfield” and “Rader” tracts, which remain unsold, which said dower may, with the assent of the creditors, and, if she so elect, be commuted under the direction of the court to its value in money. But whether her dower be laid off in kind, or commuted to its value in money, such dower shall be credited by the amount of personal property she has already received. And it is ordered that this decree be entered on the order book here, and forthwith certified to the clerk, where the cause is pending as aforesaid, who shall enter the same on his order book, and certify it to the said Circuit court of Augusta county.
Decree reversed.
DOWER.
I. Definition.
A. At Common Law.
B. By Statute.
II. Requisites.
A.In General.
B.Seisin of tile Husband.
1. Must Be Beneficial.
2. Must Be Immediate.
3. Duration of Seisin.
III. Nature and Incidents.
A. Inchoate Dower.
1. In General.
2. Legislative Control over.
3. How Present Value Computed.
B. Consummate Dower.
1. Before Assignment.
a. Right to Occupy Mansion House and Cur-tilage.
b. No Right to Other Premises.
c. Rights and Liabilities as to Taxes and Im provements.
2. After Assignment — Liability for waste.
IV. Property, instates and Interests Subject to Dower.
A. Mines and Quarries.
B. Property Annexed to Freehold.
C. Slaves.
D. unimproved Lands.
E. Partnership Realty.
1. Virginia Rule.
2. West Virginia Rule.
F. Determinable Estates.
G. Estates in Expectancy.
H. Equitable Estates.
I. Lands Held in Trust by Husband.
J. Lands Held in Another's Name to Defraud Creditors.
K. Lands Sold before Marriage and Conveyed Afterwards.
L. Mortgaged Lands.
1. In General.
2. Equity of Redemption.
3. Dower in Surplus after Paying Mortgage Debt.
V. Priority between Dower and Other Incum-brances.
A. In General.
B. Attachment before Suit for Divorce,
C. Contribution oí Dower Interest towards Payment of Charges on Land.
D. Lien of Insurance Company.
E. Mechanic’s Lien.
F. Purchase Money Mortgage.
G. Vendor's Lien for Purchase Money.
VI. How Dower Barred or Relinquished.
A. By Divorce.
B. By Desertion or Misconduct of Wife.
C. By Antenuptial Agreement.
D. By Postnuptial Agreement.
E. By Partition Sale during Coverture.
F. By Statute of Limitations — West Virginia.
G. By Jointure.
1. In General.
2. Election of Widow to Waive Joinfure and Demand Dower.
3. Conflict of Laws,
H. By Wife's Uniting with Husband in Deed of Conveyance,
I. How Dower of Insane Wife Barred or Relinquished.
VII. Assignment.
A. Proceedings for Assignment.
1. In General.
2. Parties.
*492 3. Appointment and Proceedings of Commissioners to Malte Assignment.
4. Assignment before Sale of Lands.
5. Commutation — Re-Estimate.
6. Objections to Assignment First Made on Appeal.
B. Time of Valuation.
C. Gross Sum in Lieu of Dower.
D. Actual Admeasurement or Allotment.
E. Damages for Detention.
F. Rents and Mesne Profits.
I. DEFINITION.
A. At Common Law. — “Where a woman marries a man seised at any time during the coverture, of an estate of inheritance such as that the issue of the marriage may by possibility inherit it, as heir to the husband, and the husband dies, the wife surviving is entitled to one-third for her life as tenant in dower.” 2 Min. Inst. (4th Ed.) 134; 1 Th. Co. Lit. 569, 578.
B. By Statute. — “A widow shall be endowed of one-third of all the real estate whereof, her husband, or any other to his use, was, at any time during the coverture, seised of an estate of inheritance (or entitled to a right of entry, or action for such estate), unless her right to such dower shall have been lawfully barred or relinquished.’.’ Va. Code 1887, §§ 2267, 2268; W. Va. Code 1899, ch. 65, §§ 1, 2. See Chapman v. Chapman, 92 Va. 537, 24 S. E. Rep. 225.
“There seems to be no other difference between the common law and this statutory dower, than that the latter does not require seisin even in law, but is content with a right of action, where the widow would have been entitled to dower, if the husband or any other to his use, had recovered possession.” 2 Min. Inst. (4th Ed.) 134, 135.
II. REQUISITES.
A. In General, — "The requisites of consummate dower are marriage, seisin of the husband during coverture, and death of the husband. By marriage and seisin of the husband during coverture, the wife acquires a contingent interest which is called inchoate dower.” 10 Am. & Eng. Enc. Law (2nd Ed.) 128. For a full discussion of the requisites of dower, see 2 Min. Inst. (4th Ed.) 135 et seq.
B. Seisin of the Husband.
i. Must Be Beneficial. — “In the present state of our law, the right to dower springs from the substan - tial, not the formal ownership of the husband. At common law, it is true, the legal title only was regarded; and a mere legal seisin, without any beneficial ownership, enabled the wife to recover dower. Thus the wife of a trustee who had the legal estate in fee, and the wife of a mortgagee after condition broken, had a valid title to dower. “But the courts of equity corrected this injustice, and in such cases restrained the widow and punished her with costs, if she attempted to recover by legal proceedings. Another consequence of the disregard by the courts of common law of any but legal rights, was, to refuse dower to the widow in trusts and other equitable estates, and consequently in the equity of redemption of a mortgage in fee. This narrowness, instead of being redressed, was followed by the courts of equity, and still prevails in the English jurisprudence. But in Virginia, New York, and other states of this union, it is corrected by legislative enactments. Our act of 1785 [now sec. 2429 of the Code of 1887] gives dower in equitable, in like manner as in legal estates: and in this, as in other respects, the rules and incidents of legal estates are now applied to trust and mortgaged property. The equity of redemption of a mortgage in fee descends to the heirs of the mortgagor; and though the widow is not entitled to dower as against the mortgagee, where the mortgage was executed before the coverture, or during the coverture with her concurrence in the mode prescribed by law; yet in either case she is entitled to dower in the equity of redemption; for of that, or, what is the same thing, of the estate subject to the mortgage, the husband is to be considered as having died seised. Heth v. Cocke and wife, 1 Rand. 344; Swaine v. Perine, 5 Johns. Ch. R. 492; Hale v. James, 6 Johns. Ch. R. 258. This is equally true of the vendee’s right of redemption in regard to the vendor’s lien. His wife is dowable of that, but of nothing more; or, what is in effect the same, she is dowable of the estate purchased, subject to the equitable incumbrance for the purchase money. * * * * * Thus it will be seen that there is no longer any magic in the word seisin, by which the shadow may be made the substance, or the substance the shadow. A legal title in the husband is nothing as regards the wife’s right of dower, unless accompanied by the beneficial ownership; and the beneficial ownership is everything, though separated from the legal title.” Baldwin, J., in Wilson v. Davisson, 2 Rob. 405-407. Quoted with approval in James v. Upton, 96 Va. 300, 31 S. E. Rep. 255; Waller v. Waller, 33 Gratt. 83.
Where a purchaser of land takes possession, and pays part of the price, he is beneficially seized to the extent of the price paid, although he has not acquired the legal title; and hence, under Va. Code 1887, § 2429, giving dower in equitable estates, his widow is entitled to dower, subject to the lien for the unpaid purchase money, whether he died possessed of the land, or had alienated it during cover-ture without her concurrence. James v. Upton, 96 Va. 296, 31 S. E. Rep. 255.
A. and B. each held large debts against C., secured by a deed of trust upon his land. Afterwards, D. recovered judgment against C. for $1,800. B. assigned his debt to A. and C. was adjudged a bankrupt. C.’s assignees sold the equity of redemption in said land to A., who soon afterwards assigned all of said trust debts to E. D. then brought suit to sell said land to pay his. judgment, wherein the trust debts, as the first lien thereon, were decreed to E., who atthe sale of thelandunder said decree became the purchaser thereof; and A. having died, his widow filed her petition in a creditors’ suit, in which said land was decreed to be sold to pay the debts of E., claiming dower therein. Held, that A. was never seised, at law or in equity, of any estate in said land, and that his widow is not entitled to dower therein. Kanawha Valley Bank v. Wilson, 29 W. Va. 645, 2 S. E. Rep. 768.
Seisin Subject to Sale before flarriage. — A widow has no dower in lands sold by her husband prior to the marriage, although the husband may have died without conveying title; for, while he has the legal title, he is not beneficially seised during the cov-erture, as against the vendee. Waller v. Waller, 33 Gratt. 83; 2 Min. Inst. (4th Ed.) 147. See Chapman v. Chapman, 92 Va. 537, 24 S. E. Rep. 225.
Seisin Subject to Deed of Trust. — Where a husband dies in possession of land, which he has conveyed by a deed of trust in which his wife did not join, she is entitled to dower in like manner as if the deed had not been made. Tracey v. Shumate, 22 W. Va. 474; Macaulay v. Dismal Swamp Land Co., 2 Rob. 507.
Seisin flerely in Trust. — A father, desirous of pro- *493 Tiding; for his daughter, procured H. to purchase land in his own name, and have it conveyed to him, to "be held hy him at a reasonable time, and then to be conveyed directly to the daughter. The father furnished the money to pay for the land, and the daughter entered into possession of the same. The father died shortly thereafter and H. sometime thereafter, without having made the deed. A bill was brought against the widow and infant heirs of H. to compel conveyance to the daughter. Held, that the widow of H. is not entitled to dower in the land, as her husband held the bare legal title without any beneficial interest. Hardman v. Orr, 5 W. Va. 71.
Seisin in Another’s Name to Defraud Creditors. — Where land, purchased by a wife and deeded to her, is successfully attacked by her husband’s creditors as being in fraud of their rights, he having paid the purchase money, the husband has no seisin, actual or constructive therein, out of which the wife is dowable under Va. Code 1887, § 2267. Grant v. Sutton (Va.), 22 S. E. Rep. 490. See Blow v. Maynard, 2 Leigh 29.
Seisin Subject to Mortgage or Deed of Trust for Pur= chase Honey. — Here, the widow’s right to dower is only in the equity of redemption, or in the surplus after the satisfaction of the debt so secured. Heth v. Cocke, 1 Rand. 344; Gilliam v. Moore, 4 Heigh 30, 24 Am. Dec. 704; Wheatley v. Calhoun, 12 Leigh 264, 37 Am. Dec. 654; Daniel v. Leitch, 13 Gratt. 195; Robinson v. Shacklett, 29 Gratt. 99; Coffman v. Coffman, 79 Va. 504; Hurst v. Dulaney, 87 Va. 444, 12 S. E. Rep. 800; Hunter v. Hunter, 10 W. Va. 321; George v. Cooper, 15 W. Va. 666: Spencer v. Lee, 19 W. Va. 179; Holden v. Boggess, 20 W. Va. 62; Reinhardt v. Rein hardt, 21 W. Va. 76; Martin v. Smith, 25 W. Va. 579, Roush v. Miller, 39 W. Va. 638, 20 S. E. Rep. 663.
2. Must Be Immediate.— In order to entitle the wife to dower, the husband must have immediate seisin of the inheritance, and therefore the wife cannot be tenant in dower of a reversion or a remainder expectant upon an estate of freeholder, unless the particular estate be determined or ended during the coverture. Blow v. Maynard, 2 Leigh 29; Cocke v. Philips, 12 Leigh 248.
3. Duration of Seisin. — Where the husband, during coverture, purchases land and receives a conveyance for the same, and at the same time executes a mortgage to the vendor, or to a third person who advances the purchase money, to secure the payment of such purchase money, the widow is not, as against the mortgagee or his assigns, entitled to dower, although she did not join in the execution of the mortgage; but she is dowable of any surplus remaining after the satisfaction of such mortgage, and she is dowable of the whole land purchased as against all persons except the mortgagee and those claiming under him. Cowardin v. Anderson, 78 Va. 88; Hunter v. Hunter, 10 W. Va. 321; George v. Cooper, 15 W. Va. 666, 10 Am. & Eng. Enc. Law (2nd Ed.)137.
Same Day Heans Same Time. — “The real question in this case is as to the right of dower. The authorities cited by the counsel leave no doubt that where the vendor passes the title to the vendee, and at the same time takes a mortgage or deed of trust for the security of the purchase money, in which the wife of the vendee does not join, she will nevertheless take her dower in the estate subject to the trust or mortgage. In such case, the husband is seized but for an instant, and not beneficially for his own use; the deed of conveyance, and the mortgage or deed of trust, are to be considered, like the levy of a fine, as parts of the same transaction and of the same contract; as taking effect at the same instant, and as constituting but one act. If both contracts were contained in the same instrument there could be no doubt; and it is the same thing though they are contained in different instruments, provided they are parts of the same contract, and make together but one transaction. That they are parts of the same transaction, must be presumed where they are executed at the same time ; and, moreover, as they cannot be absolutely isochronous, as there must be some interval, however small, the court ought always to take the same day to mean the game time, unless the contrary be found, — unless it be found that the acts were separate, distinct and independent.” Gilliam v. Moore, 4 Leigh 30, 24 Am. Dec. 704, quoted with approval in Coffman v. Coffman, 79 Va. 504. See also, Wilson v. Davisson, 2 Rob. 384; Summers v. Darne, 31 Gratt. 791; Hurst v. Dulaney, 87 Va. 444, 12 S. E. Rep. 800.
Mortgage Executed Ten Honths after Purchase.— Two persons purchased real estate jointly, one of the terms of purchase being that on receiving a conveyance from the vendor they should, at the same time, execute a mortgage of the property to secure the purchase money. The vendor made the conveyance to the purchasers, but, owing to a disagreement as to its provisions, the mortgage was not executed till ten months thereafter. It was held that the rights of the mortgagee were paramount in equity to the dower rights of the purchasers’ wives, and that, upon the death of one of the purchasers, his widow was only dowable of his equity of redemption in the land. Wheatley v. Calhoun, 12 Leigh 264, 37 Am. Dec. 654.
UI. NATURE AND INCIDENTS.
A. Inchoate Dower.
1. In General. — During the life of the husband, the wife has no estate or interest in his lands. She has a mere contingent right of dower which may be the subject of a conveyance or relinquishment under the statute. It may also constitute a valuable consideration for a postnuptial settlement, because it is in the nature of a contingent lien or incumbrance upon the realty. Beyond this, however, it is not even a right in action. Corr v. Porter, 33 Gratt. 278. See in this connection, Miller v. Crawford, 32 Gratt. 277; Blow v. Maynard, 2 Leigh 29. But the contingent right of dower in real estate, in which her hus. band has no interest, is her separate estate, and she may dispose of the same by her sole act as if she were unmarried. Acts 1899-1900, p. 34.
A contingent right of dower is not separate estate under chapter 103 of the Virginia Code. Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158 and note.
A covenant for seisin, or of the right to convey, which in most cases is its equivalent, is not broken by an outstanding inchoate right of dower. It does not affect the technical seisin of the grantee. Building, L. & W. Co. v. Pray, 96 Va. 559, 32 S. E. Rep. 58, 4 Va. Law Reg. 838.
Within the Meaning of a Covenant against Incum= brances. — Inchoate dower is an incumbrance within the meaning' of a covenant against incumbrances contained in a conveyance. Ficklin’s Adm’r v. Rixey, 89 Va. 832, 17 S. E. Rep. 325, 37 Am. St. Rep. 891.
2. Legislative Control over — Since inchoate dower is not a vested right, it is subject absolutely to the control of the legislature, which may modify or de *494 stroy it at will without exceeding- its constitutional limits. Thornburg v. Thornburg, 18 W. Va. 522.
3. How Present Value Computed. — The rule for computing the present value of a wife’s contingent right of dower is to ascertain the wife’s expectation of life and that of the joint lives of the husband and wife, and from the present value of an annuity, payable during the wife’s life, deduct the present value of an annuity payable during their joint lives'. Strayer v. Long, 86 Va. 557, 10 S. E. Rep. 574. See note on this case, and table for computing present value of a contingent right of dower, 3 Va. Law Reg. 69-80.
If a sum secured to a wife in consideration of a release of her contingent right of dower be set aside as excessive, she will be restored, if practicable, to her former rights. Runkle v. Runkle (Nov., 1900), 37 S. E. Rep. 279, 6 Va. Law Reg. 613.
B.Consummate Dower.
1. Before Assignment.
a. Right to Occupy Mansion House and Curtilage. — A husband devised his real estate to his wife for her life, and at her death to his son, and bequeathed his personal estate to be divided equally among his eight children. His widow renounced the provision made for her by the will. Held, that she was entitled to occupy the real estate in person or by agent, without rent, till her dower was assigned. McReynolds v. Counts, 9 Gratt. 242. See Grayson v. Moncure, 1 Leigh 449.
The heir cannot maintain an action of trespass for a trespass committed on the quarantine lands of the widow before the assignment of her dower. Latham v. Latham, 3 Call 181.
Such Possession Not Adverse. — Since the widow is entitled under the statute, Va. Code 1887, § 2274, to hold the mansion house and curtilage until her dower is assigned, her possession prior to the assignment, not being adverse, will not in law be so deemed, and the statute of limitations will not begin to run, until such possession ends, or she publishes her claim and her possession to be adverse and hostile by actual and open disseisin. Hannon v. Hounihan, 85 Va. 429, 12 S. E. Rep. 157. See also, Hope v. N. & W. R. Co., 79 Va. 283 ; Ball v. Johnson, 8 Gratt. 281.
b. No Right to Other Premises. — A plaintiff in ejectment may recover against a widow holding possession of the land of which her husband died seised, and having a right of dower, if it does not appear that the land in controversy was assigned her as her dower, or as a part thereof, or was attached to the mansion house of her husband at the time of his death. Moore v. Gilliam, 5 Munf. 346; Chapman v. Armistead, 4 Munf. 882.
c. Rights and Liabilities as to Taxes and Improvements. — A widow remained in the mansion house, having with her her infant children, whom she supported, and no dower was assigned to her. She paid a balance of the purchase money due for the property and secured by the vendor’s Hen. She also paid the taxes, and expended money in improvements. Held, that, as against creditors of her husband, she had a prior lien on the property for the amount paid for taxes, and for the purchase money paid by her, less the sum which she, as dowress, was liable to pay ; that she was not entitled to be reimbursed for improvements, and that, as a sale was necessary before assignment of dower, she was to pay rent for two-thirds of the property until the sale, if she continued in possession. Simmons v. Lyles, 32 Gratt. 752.
2. After Assignment — Liability for Waste. — It is not waste for a tenant in dower of coal lands to take coal to any extent from a mine already opened, or to sink' new shafts into the same veins of coal; and she may penetrate through a seam already opened, and dig into a new seam that lies under the first. Crouch v. Puryear, 1 Rand. 258.
Nor is it waste for a tenant in dower of land incapable of cultivation to cut timber, therefrom, where the land is only valuable for the production of timber. Macaulay v. Dismal Swamp Land Co., 2 Rob. 507.
IV. PROPERTY, ESTATES AND INTERESTS SUBJECT TO DOWER.
A. Mines and Quarries. — A widow is dowable of coal lands, but only such as were opened and worked in her husband’s lifetime. Crouch v. Puryear, 1 Rand. 258.
B. Property Annexed to Freehold. — As title to dower is consummated by the death of the husband, when the wife is endowed she is in from his death, and, like any other tenant of the freehold, takes upon recovery whatever is then annexed to the freehold, whether it be so by folly, mistake or otherwise. Engle v. Engle, 3 W. Va. 246.
C. Slaves. — where a widow holding slaves in right of dower marries again, the slaves belong to her second husband and his representatives until her death. McCargo v. Callicott, 2 Munf. 501.
D. Unimproved Lands. — A widow is dowable of lands incapable of cultivation and only valuable for the timber thereon. Macaulay v. Dismal Swamp Land Co., 2 Rob. 507.
E. Partnership Realty.
1. Virginia Rule. — Real estate purchased with partnership funds for partnership purposes is so far considered as personalty that the widow of a deceased partner is not dowable therein. Deering & Co. v. Kerfoot, 89 Va. 491, 16 S. E. Rep. 671; Parrish v. Parrish, 88 Va. 529, 14 S. E. Rep. 325; Davis v. Christian, 15 Gratt. 11; Pierce v. Trigg, 10 Leigh 406. See article on “Dower in Partnership Realty,” 4 Va. Law Reg. 310 et seq. See also, Hancock v. Talley, 7 Va. Law Reg. 24 (May Number, 1901), and note.
Two persons purchased a mill and 200 acres of land for the purpose of carrying on the business of milling in partnership. They took a.conveyance of the property jointly and gave their joint bonds for the purchase money. Held, that, though such bonds were paid partly out of partnership funds, and partly by one partner after the death of the other, the real estate was not partnership property, but each partner was tenant in common with the other of an undivided moiety; and therefore the widow of the deceased partner is dowable of his moiety. Wheatley v. Calhoun, 12 Leigh 264, 37 Am. Dec. 654.
2. West Virginia Rule, — In West Virginia, it seems, the widow of a deceased partner is dowable.of his interest in the partnership real estate, but the right does not attach until the partnership debts are paid. Martin v. Smith, 25 W. Va. 579.
F. Determinable Estates. — Where a devise of land is defeasible by the death of the devisee without lawful issue of his body, and the devisee so dies, his widow is entitled to dower in the land. Medley v. Medley, 27 Gratt. 568; Jones v. Hughes, 27 Gratt. 560; Taliaferro v. Burwell, 4 Call 321; Tomlinson v. Nickell, 24 W. Va. 148; Nickell v. Tomlinson, 27 W. Va. 697.
G. Estates in Expectancy. — Where a man dies entitled to a remainder in fee of real estate, expectant on an estate of freehold therein, his widow is not entitled to dower in the land, when the remainder falls in. Cocke v. Philips, 12 Leigh 248. Nor is a *495 widow entitled to dower in a reversion of lands. Blow v. Maynard, 2 Leigh 29.
H. Equitable Estates. — Under the act of 1785, giving a widow dower in trust estates, it seems that she is entitled to dower in an equitable estate in fee simple, contracted by verbal agreement to be conveyed to her late husband, provided the contract be proved to be such as would authorize a court of equity to decree the legal estate. Rowton v. Rowton, 1 Hen. & Munf. 91. Prior to the act of 1785, a widow was not dowable o f land in which her husband owned only an equitable estate. Claiborne v. Henderson, 3 Hen. & Munf. 322.
C. and W. purchased land to be divided between them by a designated line, W. to pay the whole purchase money, and C. to pay W. his part at a certain time; within the time, C. paidW. the greater part of the purchase money for his part of the land; and then, also within the time, the contract between C. and W. was rescinded, W. agreeing to take back C.!s part of the land, upon condition that 0. should have credit on another account, for the money he had paid; and C. died, never having been in possession of the land. Held. that, under 1 Rev. Code, ch. 99, §31. as the contract between C. andW. was wholly executory, and was rescinded before C. had completed the payment of the purchase money, and as he had never had legal or equitable possession, he had no such equitable estate that his widow was dowable thereof. Wheatley v. Calhoun, 12 Leigh 261, 37 Am. Dec. 654.
Incomplete Equitable Estate of Husband. — Ahusband who enters into an agreement for the purchase of land, takes possession of it, and pays part of the purchase price, is beneficially seised of the land to the extent that he has paid the purchase price, although he has not acquired the legal title; and his widow is entitled, under the provision of Va. Code 1887, § 2429. to dower in the land, subject to the lien upon it for the unpaid purchase price, whether he died possessed of the land, or had aliened it during the coverture without her concurrence in the mode prescribed by law. If so aliened, however, the widow’s right to dower is subject to the provisions of section 2278 of the Code of Virginia. James v. Upton, 96 Va, 296, 31 S. E. Rep. 255, 4 Va. Law Reg. 448.
I. Lands Held in Trust by Husband. — A father, desirous of providing for his daughter, procured H. to purchase land in his own name, and have it conveyed to him, to be held by him a reasonable time, and then to be conveyed directly to the daughter. The father furnished the money to pay for the land, and the daughter entered into possession of the same. The father died shortly thereafter and H. sometime thereafter, without having made the deed. A bill was brought against the widow and infant heirs of H. to compel conveyance to the daughter. Held* that the widow of H. is not entitled to dower in the land, as her husband held the bare legal title without any beneficial interest. Hardman v. Orr, 5 W. Va. 71.
J. Lands Held in Another’s Name to Defraud Credit» ors — Where land, purchased by a wife and deeded to her, is successfully attacked by her husband’s creditors as being in fraud of their rights, he having paid the purchase money, the husband has no seisin, actual or constructive therein, out of which the wife is dowable under Va. Code 1887, § 2267. Grant v. Sutton (Va.), 22 S. E. Rep. 490. See Blow v. Maynard, 2 Leigh 29.
K. Lands Sold before Marriage and Conveyed Afterwards. — The widow of a vendor of real estate is not entitled to dower in the land of her husband, where it appears that the vendor sold the land before marriage, put the vendee in possession and received a part of the purchase money, and after the marriage conveyed the land to the vendee by his sole deed. And although the vendee may have been . in default in the payment of the purchase money ! during the coverture, his mere default would not entitle the widow to dower under Va. Code 1887, § 2268. Chapman v. Chapman, 92 Va. 537, 24 S. E. Rep. 225; Waller v. Waller, 33 Gratt. 83.
L. Mortgaged Lands.
i. in General. — G. conveyed land to M., who, on the same day. conveyed the same land to trustees to secure the purchase money. Held* that the two conveyances should be considered parts of the same transaction, that the seisin of M. was instantaneous and transitory, and that M.’s widowis not entitled to dower in the land. Gilliam v. Moore. 4 Leigh 30, 24 Am. Dec. 704.
Where the husband and wife, grantees, pay only part of the purchase money, and such payment is applied to a prior deed of trust on the land, the wife is not entitled to dower therein. Robinson v. Shacklett, 29 Gratt. 99.
In 1853 W., before his marriage, sold a tract of land to B., taking a deed of trust to secure the unpaid purchase money. B. returned north during the war. and in his absence the land was sold by the trustee under the deed of trust and W. purchased it for more than his debt He then married. After the war, B. returned and filed a bill to set aside the sale, and the court set the sale aside and decreed that the land be sold to pay W. the purchase money due him. Held* that the sale to W. having been decreed to be a nullity, his widow is not entitled to dower. Waller v. Waller, 33 Gratt. 83.
A. purchased land from G., N. advancing the purchase money. To secure the money thus advanced, A. executed a deed of trust upon the land and after-wards died. Held. that A.’s widow is not entitled to dower in the land. Spencer v. Lee, 19 W. Va. 179.
West Virginia Code 1868, ch. 65, § 3, provides that “where land is bona fide sold in the lifetime of a husband to satisfy a lien or incumbrance thereon created by deed, in which the wife has united, or for the purchase money thereof, whether she has united therein or not, or created before the marriage, or otherwise paramount to the claim of the wife, she shall have no right to dower in said land. But it a surplus ot the proceeds of sale remain after satisfying the said lien or incumbrance or purchase money, she shall be entitled to dower in said surplus; and a court of equity having jurisdiction of the case may make such order, as may seem to it proper to secure her right.’’ Held, that, under this section, the wife, after her husband's death, may enforce her dower right in the land itself, although there has been a judicial sale thereof to satisfy a purchase money lien, and the surplus, after the satisfaction of such lien, has been paid to the husband, or to another judgment lien creditor, against whose claim that of the wife is paramount. Holden v. Boggess, 20 W. Va. 62.
Where a purchaser of land subject to a mortgage applies to equity for relief against a judgment in ejectment and the dower interest of the mortgagor’s wife has been relinquished to the complainant, but not to the mortgagee, the court in directing the *496 sale ought to protect the complainants right to such dower Interest. Davison v. Waite, 2 Munf. 527.
2. Equity of Redemption. — Where a husband has mortgaged his property before marriage, the only claim his widow has therein is to dower in the equity of redemption.. The same principle applies to mortgages after marriage, where the wife unites in the mortgage. Heth v. Cocke, 1 Rand. 344.
Two persons purchased real estate jointly, one of the terms of purchase being that on receiving a conveyance from the vendor they should, at the same time, execute a mortgage of the property to sfecure the purchase money. The vendor made the conveyance to the purchasers, but, owing to a disagreement as to its provisions, the mortgage was not executed till ten months thereafter. It was held that the rights of the mortgagee were paramount in equity to the dower rights of the purchasers’ wives', and that, upon the death of one of the purchasers, his widow was only dowable of his equity of redemption in the land. Wheatley v. Calhoun, 12 Leigh 264, 37 Am. Dec. 654.
A wife has an inchoate right of dower in the equity of redemption only in land of the husband conveyed by husband and wife in trust to secure his debt. Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158.
3. Dower in Surplus after Paying Hortgage Debt.— The widow is entitled to dower in the surplus arising 'from a sale of her husband’s land under a deed of trust given to secure the purchase money ; but the land is not liable in the hands of the purchaser for such dower interest, nor is the purchaser bound to see to the application of the purchase money. Hurst v. Dulaney, 87 Va. 444, 12 S. E. Rep. 800; Coffman v. Coffman, 79 Va. 504; Robinson v. Shacklett, 29 Gratt. 99; George v. Cooper, 15 W. Va. 686.
A purchaser of a tract of land on which there was a deed of trust to secure a debt retained the amount of the debt out of the purchase money for the purpose of paying it, but died owing a much greater amount than could be paid out of his personal estate. Held, that the widow may institute a suit in equity to have the land sold and the debt paid, and to have her dower out of the residue of the purchase money. Daniel v. Leitch, 13 Gratt. 195.
A widow is entitled to dower out of the surplus remaining after the payment of a purchase money mortgage. George v. Cooper, 15 W. Va. 666. A married woman who has relinquished her dower may redeem a mortgage, and thus prevent a disastrous foreclosure and sale of the property including her dower interest. Gatewood v. Gatewood, 75 Va. 407.
V. PRIORITY BETWEEN DOWER AND OTHER INCUMBRANCES.
A.In General — “A wife’s right of dower is an emanation from the ownership of her husband, and subject to all its qualifications; though not to his alienations or incumbrances during the coverture, without her consent declared in the mode prescribed by law. Her right is dependent upon his, as existing at the inception of the coverture, or as-acquired by him during its continuance. If he mortgage his land before marriage, her claim to dower is subordinate to the mortgage, and, if that be foreclosed, is completely divested. So if she unite, with the requisite solemnity, in his mortgage made after the marriage, the effect of a foreclosure is the same. If, during the coverture, he purchased mortgaged, land, her title, like this, is subject to the incum-brance, and the foreclosure of it destroys both. The result is the same where an incumbrance is created by the very act of purchasing; for if the purchase money be unpaid and not secured, an equitable mortgage is embodied in the transaction itself, and if that be foreclosed by a sale of the property under the decree of a court of equity, the wife’s right of dower is completely extinguished.” Baldwin, J., in Wilson v. Davisson, 2 Rob. 405.
The right of dower, provided by law in behalf of a widow, is paramount to all conveyances, incum-brances, contracts, debts or liabilities of the husband executed or incurred by him during the coverture. Higginbotham v. Cornwell, 8 Gratt. 83, 56 Am. Dec. 130.
A wife’s right of dower, whether inchoate or consummate, is an existing lien, and a covenant against incumbrances is broken by its existence. This lien is inferior to all liens which attached prior to the marriage, but superior to those acquired thereafter without her consent. Ficklin v. Rixey, 89 Va. 832, 17 S. E. Rep. 325, 37 Am. St. Rep. 891.
B. Attachment before Suit for Divorce. — An attachment against the effects of the husband as an absconding debtor, levied before the institution of a suit by the wife for a divorce, entitles the attaching creditor to be satisfied out of the attached effects, in preference to the claim of the wife. Jennings v. Montague, 2 Gratt. 350.
C. Contribution of Dower Interest towards Payment, of Charges on Land. — Where the owner of land charged with a legacy dies leaving a widow, she is not entitled to have the heirs’ shares subjected to its payment, but her dower interest is chargeable with a sum equivalent to the annual interest on one-third of the debt, at compound interest, for the probable period of her life, ascertained from the tables of mortality. Harper v. Vaughan, 87 Va. 426, 12 S. E. Rep. 785.
D. Lien of Insurance Company. — Wile re a husband insures property in the Mutual Assurance Society and dies seised, his widow takes her dower interest subj ect to the lien of the society. Shirley v. Mutual Assurance Society, 2 Rob. 705.
E. Mechanic’s Lien, — A mechanic’s lien does not override the dower interest of the wife, but where she has joined in a deed of trust to secure the building fund company, the property should be sold out and out, and first applied to the debt due the company. But she has a contingent dower interest in'the equity of redemption and, being a party to the suit in which the property is sold and therefore bound by the decree in the cause, the court should make a proper provision to compensate that interest out of the surplus proceeds of sale, if any, before any part of it is paid over to the assignee of the building contract. Iaege v. Bossieux, 15 Gratt. 83, 76 Am. Dec. 189.
F. Purchase Honey Mortgage. — Where it was stipulated in a contract to sell land that the vendee should execute a purchase money mortgage to the vendor, but such mortgage was not executed until ten months after the delivery of the conveyance, the dower of the vendee’s widow is subject to such mortgage. Wheatley v. Calhoun, 12 Leigh 264, 37 Am. Dec. 654.
Where land is conveyed upon condition that the grantee shall pay the grantor’s debts, and, by deed executed later on the same day, the grantee' conveys the land to secure money loaned him to pay such debts, the grantee’s widow is not entitled to dower in the land until said debts are paid, though *497 she did not join in the trust deed. Coffman v. Coffman, 79 Va. 504.
A conveyance of land to a husband, who. as a part of the .same transaction, executes a deed of trust to secure the unpaid purcha.se money, does not give the husband such a seisin of the land as will entitle his wife to dower, as against the grantee in the deed of trust; and the fact that the latter is an assignee of the vendor of the land does not affect the principle. Hurst v. Dulaney, 87 Va. 444, 12 S. E. Rep. 800.
A widow’s dower inlands is subject to a mortgage thereon for the purchase money. Hunter v. Hunter, 10 W. Va. 321.
Where land is conveyed to a party, who, at the same time by deed of even date, conveys the same to a trustee to secure the unpaid purchase money, the two deeds will be regarded as parts of the same transaction, and the seisin of the grantee in the first deed will be held to be instantaneous and transitory, and his widow will not be entitled to dower in the land against the vendor, though she did not join in the deed of trust, but she will be entitled to dower in the surplus after the payment of the purchase money so secured. George v. Cooper, 15 W. Va. 666.
A husband conveyed real estate to a trustee to secure the payment of a debt, and the wife united in the conveyance. After his death, a creditor’s bill was filed to subject his real estate to the payment of his debts, and the said trust property was sold under a decree in said suit. Held, that the widow is not entitled to dower in the property so conveyed, or in the proceeds thereof, unless there is a surplus after the payment of said trust debt and such costs as are properly chargeable to the fund arising from the sale of the property so conveyed. Reinhardt v. Reinhardt. 21 W. Va. 76.
Where a conveyance of the legal title is made to a purchaser in order that he may, by deed of trust made at the same time, pass the title to the trustee in the trust deed to secure the payment of such purchase money to the cestui qve trust who has paid it for him, the two deeds are to be treated as parts of the same transaction, made to retain on the face thereof a lien on the land for such unpaid purchase money, and the right of dower of the widow of the purchaser is subordinate to the lien of the deed of trust. Roush v. Miller, 39 W. Va. 638. 20 S. E. Rep. 663.
Vendor’s Lien for Purchase Money. — A widow is not entitled to dower in lands subj ect to a vendor’s lien, except as to the residue after the satisfaction of •such lien. Martin v. Smith, 25 W. Va. 579. Prior to the statute. Va. Code 1849, p. 474, § 3; Va. Code 1887. § 2269. a vendor of land conve3red the same to the vendee in fee simple and received a part of the purchase money, taking no security for the residue. On a bill against the vendee to enforce the implied equitable lien of the vendor, a sale was made of the land, and the proceeds were more than sufficient to satisfy the vendor's claim. Judgment creditors of the vendee claimed the surplus, and with his consent a decree was entered accordingly. After the vendee’s death, his widow claimed dower in the land. Held, that she was not entitled to dower in such land. Wilson v. Davisson, 2 Rob. 384.
If land be conveyed to a husband who, as a part of the same transaction, reconveys it to a trustee to secure only two-thirds of the purchase money, although none of the purchase money is paid, and he •subsequently sells the land to his grantor for the amount agreed to be paid by him and conveys the same to his grantor by a deed from himself and wife which is lost before being admitted to record, his widow has no claim on the land, whatever may be her claim on the one-third of the purchase price for which no lien was reserved. Building, L. & W. Co. V. Fray, 96 Va. 559, 32 S. E. Rep. 58, 4 Va. Law Reg. 838.
Suit by Vendor — Parties.-—Where a vendor of land who has retained the title files a bill against the widow and infant children of the vendee for a sale of the land to satisfy his debt and the widow answers claiming dower in the land subject to the vend- or’s lien, judgment creditors of the vendee may make themselves parties to the cause and have the land, subject to the vendor’s lien and the widow's dower, applied to the payment of their debts. Simmons v. Lyles, 27 Gratt. 922.
Lien Lost by Taking Security. — Where the vendee gives a bond and security for the purchase money for land, the vendor’s lien is not retained, and the vendee's widow is entitled to dower in such land. Blair v. Thompson. 11 Gratt. 441.
Vi. HOW DOWER BARRED OR RELINQUISHED.
A. By Divorce. — A divorce a vinculo matrimonii, although for a supervenient cause, or for a cause which, while it existed at the date of the marriage, is yet by statute specially declared to dissolve the marriage only from the time of the sentence, operates as a bar to dower or curtesy. Porter v. Porter, 27 Gratt. 599; Harris v. Harris, 31 Gratt. 13; Cralle v. Cralle, 79 Va. 182. See 2 Min. Inst. (4th Ed.) 337.
A divorce a mensa et thoro, where there is a decree for the perpetual separation of the parties, has the same effect upon the rights of property which either party may acquire after the decree as a divorce a vinculo matrímonü'wouló. have. Va Code 1887, § 2264; Marshall v. Baynes, 88 Va. 1040, 14 S. E. Rep. 978.
Upon decreeing the dissolution of a marriage, whether from the bond of matrimony or from bed and board, the court may make such further decree as it may deem expedient in regard to the estate, etc., of the parties. Va. Code 1887, § 2263. See Cralle v. Cralle, 84 Va. 198, 6 S. E. Rep. 12; Cralle v. Cralle, 79 Va. 182; Francis v. Francis, 31 Gratt. 283: Harris v. Harris, 31 Gratt. 13; Porter v. Porter, 27 Gratt. 599; Carr v. Carr, 22 Gratt. 168; Bailey v. Bailey, 21 Gratt. 43.
B. By Desertion or Misconduct of Wife. — The provision of W. Va. Code of 1868, ch. 65, §7, declaring that ‘ ‘if a wife vol untarily leave her husband without su ch cause, as would entitle her to a divorce from the bond of matrimony, or from bed and board, and without such cause and of her own free will be living separate and apart from him at the time of his death, she shall be debarred of her dower and inheritance,” is not restricted, bnt embraces the case of a widow, who, nine years before the passage of such act, had left her husband without such cause as is specified in the act, and which leaving or desertion continued for two years after the passage of the act until his death. Thornburg v. Thornburg, 18 W. Va. 522. For a similar provision in Virginia, see Va. Code 1887, § 2273.
C. By Antenuptial Agreement. — By an agreement in contemplation of marriage, the intended husband bound his estate to pay the intended wife certain sums of money if she survived him, which were to be in full compensation for her dower. I-Ield, that this agreement barred her of her dower in her husband’s real estate. Findley v. Findley, 11 Gratt 434. See McReynolds v. Counts, 9 Gratt. 242; Burdine v. Burdine (September, 1900), 36 S. E. Rep. 992. 6 Va. Law Reg. 389,
*498 By an antenuptial contract,' the wife agreed that she would relinquish all right, title or interest in her prospective husband’s estate ; that she would never claim at law, or otherwise, any part of his property by reason of the marriage ; that she would never in the future acquire any property of her prospective husband further than he might convey to her by deed or will; and that he should at all times during his life have the right to convey any part of his real estate without her consent. Held, that this contract was no bar to her right of dower. Hinkle v. Hinkle, 34 W. Va. 142, 11 S. E. Rep. 993.
D. By Postnuptial Agreement. — The dower interest of the wife constitutes a valuable consideration which will support a postnuptial settlement; and such settlement, made in consideration of the surrender of such dower interest, may be supported against the claims of creditors. Nor will the fact that such settlement was fraudulently made affect this, because it would be a sufficient answer to the charge of fraud on the part of the husband and wife in executing the deed of settlement to say that if there was fraud, and she participated in it, still it will not be imputed to her by reason of her coverture. Strayer v. Long, 86 Va. 557, 10 S. E. Rep. 574; William & Mary College v. Powell, 12 Gratt. 372; Blanton v. Taylor, Gilmer 209; Taylor v. Moore, 2 Rand. 563; Harvey v. Alexander, 1 Rand. 219, 10 Am. Dec. 519. See also, Harrison v. Carroll, 11 Leigh 476.
Where a wife relinquishes her right of dower in certain land belonging to her husband in consideration of his conveying other property to her, the value of such dower, where the latter conveyance is held invalid, should be saved to her in opposition to the claims of her husband’s creditors. Quarles v. Lacy, 4 Munf. 251.
Where an insolvent husband, in consideration of the relinquishment by his wife of herinchoate right of dower, settles on lier certain property, such settlement will not be disturbed in behalf of creditors, unless it appears to be grossly excessive ; and then, only as to the excess. Burwell v. Lumsden, 24 Gratt. 443, 18 Am. Rep. 648.
Where a wife was induced to unite with her husband in conveying away her interest in his real estate, upon condition that certain property be settled upon her in consideration of her thus parting with her rights, she has the right, if such settlement is set aside and annulled, to be placed in the same position and restored to the same rights with which she was invested by law before she united in the deed of which the specific settlement was the consideration, provided this can be done without prejudice to the rights of creditors or purchasers. Davis’ Widow v. Davis’ Creditors, 25 Gratt. 587.
Sale of Contingent Dower to Husband. — If a husband purchase his wife’s contingent right of dower in his real estate, and secures the purchase price along with other debts by a deed of trust on his real estate, on the death of the wife intestate, the debt secured to her becomes extinguished, as the husband is her sole distributee, and the deed of trust stands as a Security for the other creditors secured. The husband cannot assign such debt to another person to the prejudice of the other creditors secured. Allen v. Patrick, 97 Va. 521, 34 S. E. Rep. 451, 5 Va. Law Reg. 523.
Release Directly to Husband. — The contingent right of dower of a wife in her husband’s lands is nota separate estate within the meaning of chapter 103 of the Code of 1887, and the wife having no other estate with reference to which she might contract is not bound by the provisions of a deed of separation, whereby she released directly to her husband her dower in her lands. Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158.
E. By Partition Sale during Coverture. — A partition sale during coverture of land held by a woman’s husband in common, made by order of court, bars the wife’s contingent right of dower therein, although she was not a party to the suit. Va. Code 1887, § 2564; Lee v. Lindell, 22 Mo. 202, 64 Am. Dec. 262; Weaver v. Gregg, 6 Ohio St. 547, 67 Am. Dec. 355; Washb. on Real Property (4th Ed.) 191, 199.
P. By Statute of Limitations — West Virginia. — The statutory bar to a widow’s remedies for the recovery of her dower is the lapse of ten years from the death of her husband, when her right to sue accrues. Smith v. Wehrle, 41 W. Va. 270, 23 S. E. Rep. 712. See Mullan v. Carper, 37 W. Va. 215, 16 S. E. Rep. 527.
G. By Jointure.
i. In General. — Prior to the act of 1866 the statute, Va. Code 1860, ch. 110, § 4, provided that “if any estate, real or personal, intended to be in lieu of dower, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate or the residue thereof.” This statute was construed in Higginbotham v. Cornwell, 8 Gratt. 83, 56 Am. Dec. 130, where it was held that a provision for the wife, to bar her dower, must notonly have been so intended, but that such intent must appear from the conveyance or devise, either by express words or by necessary implication. See also, Higginbotham v. Cornwell, 8 Gratt. 83, 56 Am. Dec. 130; Craig v. Walthall, 14 Gratt. 518; Dixon v. McCue, 14 Gratt. 540; Nelson v. Kownslar, 79 Va. 468; Douglas v. Pray, 1 W. Va. 26; Shuman v. Shuman, 9 W. Va. 50. To change this rule of construction the amendatory act of 1866 was passed, which amended the statute by adding thereto these words: “And every such provision, by deed or will, shall be taken to be in lieu of dower, unless the contrary intention plainly appears in such deed or will, or in some other writing signed by the party making the provision.” Acts 1865-6, p. 166; Va. Code 1873, ch. 104, § 4; Va. Code 1887, § 2270. See Bolling v. Bolling, 88 Va. 524, 14 S. E. Rep. 67.
A marriage settlement of land and slaves for the wife’s jointure, “in full satisfaction of her dower or thirds in any lands, tenements, and hereditaments, whereof the husband should, at any time during his life be seised of any estate of inheritance,” is no bar to her right of dower in the slaves, though made before the Act of 1792, declaring slaves to be personal property. Ball v. Ball, 3 Munf. 279.
By a marriage settlement, the wife, at the death of her husband, was to have one-third of all the negroes whereof the husband died possessed in lieu of dower; and if she survived and had no child by him, she was to have all the negroes which came by her in her absolute right. She did survive and had no child by him. Held, that she was entitled to the dower slaves in addition to her own before the marriage. Hearne v. Roane, Wythe 90.
A husband, during the coverture, sold and conveyed land with general warranty, but his wife did not join in the deed. By his-will he gave his whole estate, real and personal, to his wife for her life, remainder to his children. It was held that she was entitled to take under the will, and also to have her dower in the land sold. Higginbotham v. Cornwell, 8 Gratt. 83, 56 Am. Dec. 130.
*499 Definition. — Jointure at common law consists of an estate or interest in land to take effect in possession or profit immediately on the death of the husband, in satisfaction of dower, and it must so appear in the deed. It is an absolute bar only when made before marriage. If made after marriage it only puts the wife to her election whether to accept the provision or claim dower. The only difference made by statute in Virginia is that the jointure may be of personal as well as real estate. Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158.
Essentials to Bar Dower. — If, after the husband’s death, the widow accepts a provision made for her in lieu of dower, she bars herself of dower, but if she has received the provision during her husband’s lifetime and has spent or wasted it, she may take her dower as if no provision had been made. It is necessary, in order to estop her. that she should have enjoyed the provision, or a part of it at least, after her husband's death. Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158.
Intention to Create Jointure — When Parol Evidence Admissible. — -Under the 11th section of the Act of Assembly relative to dower, 1 Rev. Code, p. 171, any estate conveyed by deed or will for a wife’s jointure in lieu of dower, though not so expressed, may be averred to have been so intended, and parol or other evidence dehors the deed or will is admissible as to the relative situation of the parties and circum. stances of the testator from which such intention may be inferred. Ambler v. Norton, 4 Hen. & M. 23.
The intention of the testator to exclude the wife’s dower may be either express or implied. But if not expressed in the will then, in order to ascertain the implied intention, it is not only proper but absolutely essential that the situation of the testator, the property owned by him, and the surrounding circumstances likely to influence him in the disposition of his property should be known. Atkinson v. Sutton, 23 W. Va. 197.
Real or Personal Estate flay Constitute Jointure.— Under 1 Rev. Code 1819, ch. 110. § 4, providing that, “if any estate, real or personal, intended to be in lieu of her dower, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate, or the residue thereof,” either real or personal estate alone or both combined may make a jointure. Craig v. Walthall, 14 Gratt. 518. See also, Land v. Shipp, 98 Va. —, 36 S. E. Rep. 391, 6 Va. Law Reg. 158. But it was held, before the enactment of the above statute, that a widow could not be barred of her dower by a devise of an estate for years, and that a provision in personal estate could not bar her dower in real estate. Wiseley v. Findlay. 3 Rand. 361, 15 Am. Dec. 712.
Jointure Need Not Be Exempt from Incumbrances— Loss of Jointure. — It is not essential to the validity of a jointure that it should be exempt from any incumbrance; 1 he widow, if evicted of her j ointure, having still a right to claim her dower. Ambler v. Norton. 4 Hen. & M. 23.
Plea of Jointure in Bar of Dower — Necessary Allegations. — In pleading a jointure in bar of dower, it is not necessary to specify the name of the county in which the jointure land lies; provided the locality and identity of the land be described with reasonable certainty. Ambler v. Norton, 4 Hen. & M. 23.
In averring a jointure in bar of dower, the failure to state in the plea that the husband “being seised in fee of the premises” made the jointure, is not a substantial defect, and is not sufficient so authorize the reversal of a judgment for the tenant, the defendant having failed to assign it as a cause of demurrer. Ambler v. Norton, 4 Hen. & M. 23.
Nor is it necessary in such plea to state expressly that the jointure was to take effect in possession immediately on the death of the husband, or that it was determinable by such acts only as would forfeit the dower at common law. itbeingincumbenton the demandant to show in his replication that any intervening estate existed, or that the jointure was subject to any condition other than the law imposes on a dowress. Ambler v. Norton, 4 Hen. & M. 23.
Rights of Husband’s Creditors. — Where a life estate in lands, given to a widow in lieu of dower is of less value than her dower would have been, it is not chargeable with any of the debts of her deceased husband. Gaw v. Huffman, 12 Gratt. 628.
2. Election of Widow to Waive Jointure and Demand Dower. — Under Va. Code 1860, no question of election between dower and a provision in lieu thereof arises, unless the intention to bar is clear. But under Va. Code 1873, unless the intention plainly appears not to bar dower, the election must be made by the widow between dower and the provision as prescribed by section 5 of chapter 106. Nelson v. Kownslar, 79 Va. 468. See Va. Code 1887. § 2271.
The doctrine of election is founded on the same reasons and governed by the same rules when applied to a widow claiming dower as to any other case. One entitled to a benefit under an instrument must, if he claims that benefit, abandon every right which, if asserted, would defeat, even partially, the provisions of the instrument. If the widow’s taking dower would interfere with any of the provisions of the will, she must elect. Rutherford v. Mayo, 76 Va. 117; Dixon v. McCue, 14 Gratt. 540.
Where the widow renounces the will of her husband, who has no child alive, she is entitled to dower in his slaves and a moiety of his other personal estate in absolute property, although he left no grandchildren. Bernard v. Hipkins, 6 Call 101.
Where a widow, under a mistake as to her rights under the will of her husband, kept possession of the land for five years, cultivated it and took a legacy of $500 to aid her in managing the farm, it was held that she had not elected to take under the will but might still have her dower assigned to her. Dixon v. McCue, 14 Gratt. 540.
Election by Failure to Renounce Husband’s Will,— Where the widow does not renounce her husband’s will within the prescribed period, she is not entitled to dower in the undevised slaves. Noel v. Garnett, 4 Call 92.
Where a widow does not renounce her husband’s will within one year after his death, she loses her distributive share of the personal estate and is confined to the provisions of the will; but is entitled to her dower in the lands. Blunt v. Gee. 5 Call 481.
A testator died in 1862, leaving a considerable estate in lands, slaves, chosen in action, etc. He gave to each of his five children $1,000 in money or land, and to the widow all the residue, durante vidaitate, or. if she married, one-half of the same. She did not renonnee the will, but held the property under the will for thirteen years. Held, that the provision was intended as her jointure under the statute, Va. Code 1860, ch. 110. § 4, and that she had elected to take it in lieu of dower. Rutherford v. Mayo, 76 Va. 117.
By a will probated in 1873, a testator bequeathed $20,000 in bank stocks to his wife, directing that the residue, after the payment of his debts, should go *500 to his wife and children.. The value of the property was so much depressed hy the financial panic of 1873 that the assets became less than the debts and the bank stock worthless. The widow never renounced the will and did not claim dower until 1877. Meld, that the widow having declined for over four years to renounce the will and claim the provisions made for her by the law, and having with full knowledge of the facts elected to accept the provisions made for her by the will cannot now — even though she has been lawfully deprived of her jointure — be allowed to revoke her election and have dower, especially after the realty has been sold to innocent purchasers under decrees in a suit to which she was a party. Cooper v. Cooper, 77 Va. 198.
3. Conflict of Laws. — The provisions of Va. Code 1887, § 2370, do not change the common-law rule that a will of personalty must be construed according to the lex domicilii in which it was made; and where one domiciled in New York bequeathed personal property to his wife, but made no disposition of real estate in Virginia, and there was nothing in the will incompatible with her claim to dower, the testator’s intent must be measured by the common-law rule in New York, to the effect that the provision would not be in lieu of dower unless a different intent was expressed in words, or clearly shown on the face of the will. Bolling v. Bolling, 88 Va. 524, 14 S. E. Rep. 67.
H. By Wife’s Uniting with Husband in Deed of Conveyance. — At common law a wife was unable to unite with her husband in conveying land so as to relinquish her claim to dower. But the statute, by its inherent force, obviates the legal unity of husband and wife in the cases where it applies, and formerly did away with the husband’s supposed influence by a privy examination. See Va. Code 1873, ch. 117, § 4. But the Code of 1887 dispenses with even this requirement. Va. Code 1887, § 2502. Mr. Minor, in discussing the principle upon which the statute is to be construed, says that “it is an exception to the common law and so must be construed strictly. A substantial compliance with it is sufficient, but no requirement can be pretermitted, without invalidating the transaction. Thus, the statute until 1888 applies to no other transaction than a conveyance of lands or chattels; not to a power of attorney, nor to any executory contract (Shanks v. Lancaster, 5 Gratt. 111); the husband must be a party (Sexton v. Pickering, 3 Rand. 468); and both he and his wife must sign it (Tod v. Baylor, 4 Leigh 498); there must appear to have been a privy examination of the wife (Healy v. Rowan, 5 Gratt. 431); and an explanation to her of the conveyance (Hairston v. Randolphs, 12 Leigh 445; Harkins v. Forsyth, 11 Leigh 294); nor is any disability obviated, save that of coverture, e. g., not infancy (Thomas v. Gammel, 6 Leigh 9).- But some important statutory changes in these requirements have been made by the Code of 1887, and subsequent statutes. Thus, the statute does now include a wife’s contract to convey and power of attorney (Acts 1889-90, p. 193, ch. 238), and the privy examination and explanation are dispensed with (Va. Code 1887, § 2502).’’ 2 Min. Inst. (4th Ed.) p. 174.
The effect of a wife’s uniting with her husband in a deed is not to vest in the grantee any estate, separate and distinct from that of the husband, but simply to relinquish a contingent right in the nature of an incumbrance upon the land conveyed, which, if not so conveyed, would attach and be consummate on the death of the husband. Corr v. Porter, 33 Gratt. 278; Nickell v. Tomlinson, 27 W. Va. 697.
• Inchoate dower is not a vested estate or property in a wife until the death of her husband, and in a suit to sell the husband’s land in his lifetime to pay liens no provision need be made out of the proceeds to meet the wife’s dower when consummate. George v. Hess (W. Va.), 37 S. E. Rep. 564.
Where it does not appear that the privy examination of the wife was taken as required by statute, she is entitled, on the death of her husband, to recover her dower in the real estate conveyed by the deed, or to recover Its commuted value in money. First National Bank of Harrisonburg v. Paul, 75 Va. 594.
where the real and personal property of an intestate remained undivided between his widow, who was also his administratrix, and his only daughter, and. in view of the daughter’s approaching marriage, a marriage settlement was executed convej'-ing all the real estate by metes and bounds and the personal estate by description to trustees, of whom the mother was one, it was held that the mother did not, by becoming a party to the deed, relinquish her right to dower in the land. Wilcox v. Hubard, 4 Munf. 346.
Where a married woman has regularly united with her husband in a deed, she is not entitled to dower in the land conveyed, though the consideration was confederate money. Henderson v. Alderson, 7 W. Va. 217.
Where Conveyance Induced by Threats. — Where a widow was induced to sell her dower interest in the land which was her home, by threats that her children’s land was under the hammer and would have to be sold, that an iron furnace would be put up close to her house, and that she would be compelled to raise her children amid such surroundings, the sale was set aside by the appellate court, the sale of the children’s land being set aside on other grounds. Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
Where Conveyance Made by Infant Wife. — A deed made by an infant feme covert in which she relinquishes her right of dower may be avoided when she becomes of full age and discovert. Then, being ■sui juris, she may ratify it expressly or impliedly, as by accepting a compensation allowed by a decree to which she or her counsel has consented. Darraugh v. Blackford, 84 Va. 509, 5 S. E. Rep. 542; Wilson v. Branch, 77 Va. 65.
Where Conveyance Not Recorded. — An unrecorded deed from husband and wife conveying his land does not convey the wife’s contingent right of dower in the land. The deed must be admitted to record as to the husband as well as to the wife in order to accomplish this result. Va. Code, § 2503: Building, L. & W. Co. v. Fray, 96 Va. 559, 32 S. E. Rep. 58, 4 Va. Law Reg. 838.
Where Wife’s Name Does Not Appear in Deed.— Though a deed be signed and sealed by a married woman and her husband, and the certificate of her acknowledgment is in due form, yet if her name does not appear in the body of the deed as one of the grantors therein, such deed is inoperative to convey any interest she may have in the real estate thereby conveyed, or to relinquish her contingent right of dower in the lands therein named. Laughlin Bros. & Co. v. Fream, 14 W. Va. 322.
Where Conveyance Set Aside as Fraudulent. — Where a husband fraudulently conveys real estate to the use of his children and contingently to the use of his wife, who did not execute the conveyance, and *501 after Ms death the widow, in a creditors’ bill to set the conveyance aside, claims under it, she is entitled to dower in the lands, although, the deed is declared fraudulent and void. Blow v. Maynard, 2 Leigh 39. See Grant v. Sutton (Va.), 22 S. E. Rep. 490.
Agreement to Convey — Specific Performance. — Specific execution of an agreement to sell and convey will not ordinarily be decreed against a vendor whose wife refuses to join in the deed, where there is no proof of fraud on his part in her refusal, unless the purchaser is willing to pay the full purchase money and accept the deed without her. joining. Graybill v. Brugh, 89 Va. 895, 17 S. E. Rep. 558; Clarke v. Reins, 12 Gratt. 98. See also, Dunsmore v. Lyle, 87 Va. 891, 12 S. E. Rep. 610, where specific performance was refused, though the bill offered to accept a deed subject to the wife's dower.
Who May Claim under Conveyance.— Where a vendor, seised of an estate in fee in land, determinable by an executory devise over, upon his dying without issue, conveys such land by a deed in which the wife regularly unites, the purchaser, upon the death of the vendor without issue, is entitled to have his widow’s dower in such land cut off to him. Nickell v. Tomlinson, 27 W. Va. 697.
Protection of Wife’s Interest as against Husband’s Creditors. — A husband and wife agreed that in consideration of the husband's conveying a house and lot to a trustee for her and her children, she would unite in the conveyance of his other real estate when he should sell it. Held, that, to the extent of her dower interest in the husband's real estate, the husband’s conveyance to the trustee was on valuable consideration, and to that extent the wife is entitled to satisfaction out of the proceeds of the sale of the house and lot, as against creditors of the husband, for debts contracted at the time of the deed. Johnston v. Gill, 27 Gratt. 587.
M, the owner of a large estate, being insolvent and having several judgments and executions against him, made a deed, in which his wife joined, by which he conveyed all his property for the payment of his debts. In this deed it was provided that the value of the wife’s contingent right of dower should be ascertained in a mode specified, and in consideration of the sums so ascertained she joined in the deed releasing such right. The trusts of the deed were, that G and S. who had undertaken to pay off the executions, and who were creditors of M, should be creditors of the first class, each for the amounts they should pay and the amount due them, and the wife for the value of her contingent right of dower, ascertained as prescribed in the deed: and all other creditors in the .second class. The whole property did not sell for enough to pay the first class creditors in full, and a judgment rendered against M, and docketed before the deed was executed. Held, that the wife of M must abate ratably with O and S for the payment of said judgment, and for any deficiency of the trust fund to pay the said G, S and the wife, in full of their claims. Miller v. Crawford. 32 Gratt. 277.
Conveyance by Husband for Benefit of Creditors.— Where a husband makes a deed of trust conveying land to trustees, with power to sell the same for payment of debts, and they allow the husband to remain in possession during his life, and make no sale under the deed until his death, the husband is to be considered as having died seised of the land subject to the deed of trust, so that his widow, if she did not join in the deed, is entitled to dower in the land, and may recover the rents and profits from the husband’s death in like manner as if the deed had not been made; and if the widow dies before recovering such rents and profits, the same may be recovered to the time of her death by her administrator. Macaulay v. Dismal Swamp Land Co., 2 Rob. 507.
1. How Dower of Insane Wife Barred or Relinquished. —The husband of an insane wife cannot, by a proceeding on an ex parte petition, deprive his wife of her contingent right of dower in his real estate. The proceeding under Va. Code 1887, § 2625 must be inter partes. the wife must be made a party thereto, and, after notice, have an opportunity of being heard, or else the proceeding is void. Hess v. Gale, 93 Va. 467, 25 S. E. Rep. 538.
VII. ASSIGNMENT.
A. Proceedings for Assignment.
1. In General. — A court of equity has jurisdiction to assign dower in land within the state, bnt not in lands lying in another state. Blunt v. Gee, 5 Call 481. As to the assignment of dower, see Va. Code 1887, § 2274. as amended by Acts 1895-6, p. 309.
A widow cannot, merely on her right to dower, file a bill to sell the heir’s fee simple and get money from its sale in lieu of dower. Hoback v. Miller, 44 W. Va. 635, 29 S. E. Rep. 1014. See note on this case, 4 Va. Law Reg. 197.
An assignment of dower in lands and slaves, by order of the county court, by motion only, and without any suit for that purpose, will not be set aside after a great length of time, but the inequalities and excess only corrected. Fitzhugh v. Foote, 3 Call 13.
A writ of dower unde nihil fiahet cannot be maintained against a mere tenant for years, but should be brought against a tenant of the freehold, haying the inheritance, or an estate equal in duration to the life of the demandant. Miller v. Beverly, 1 Hen. & M. 368.
It is not error to decree a sale of the lands oí a deceased husband without ascertaining in the suit in what lands, conveyed in his lifetime, the widow is entitled to dower, and assigning her dower therein, for she may herself bring suit against the proper parties for that purpose. Hunter v. Hunter, 10 W. Va. 321.
M., the widow of J., beingin possession of a tract of land as her dower, entered into a written agreement by which the land was to be sold and the proceeds invested in another tract about to be sold by a commissioner, to be held by M. for life as she held the dower land. This agreement was duly carried out. Held, that as against her creditors M. has but a life estate in the land purchased, to the extent that it was paid for by the proceeds of the sale of the dower tract. Hughes v. Harvey, 75 Va. 200.
2. Parties. — In a bill in equity to recover dower in lands aliened by the husband during the coverture, without the consent of the wife evidenced by her privy examination and relinquishment, it is not necessary to make the heirs of the husband, or any purchasers except the holders of the land, parties. Boyden v. Lancaster, 2 Bat. & H. 198.
In a bill by a widow for dower in land sold in the lifetime of her husband, and coming to the present owner through several intermediate conveyances, the present owner is the only necessary party defendant. Blair v. Thompson, 11 Gratt. 441.
In a bill brought by a party to whom a widow has conveyed her dower interest in two tracts of land, to have dower assigned therein, where the parcels *502 of land at tie time said suit is brought are Reid and owned by different parties, tbe persons owning- and holding said respective tracts of land are necessary parties defendant. Morgan v. Blatchley, 33 W. Va. 155, 10 S. E. Rep. 282.
Joinder of Parties. — A bill against several purchasers of separate and distinct tracts of land aliened by a husband during coverture, without the relinquishment of the wife, to recover dower in each tract is not multifarious. The plaintiff may elect to proceed against each separately or all together. Boyden v. Lancaster, 2 Pat. & H. 198.
3. Appointment and Proceedings of Commissioners to Make Assignment. — Where commissioners are appointed by an ex parte order to lay off and assign a widow’s dower in the lands of her deceased husband, such order is not binding on the heirs, though the commissioners report an assignment of dower, and their report is confirmed. Raper v. Sanders, 21 Gratt. 60.
An assignment of dower, made by commissioners under order of court, at the instance of one of several co-heirs, is binding on the widow, if it be a full and just assignment, and also on the co-heirs, though infants, if it be not excessive. Moore v. Waller, 2 Rand. 418.
In a suit against the widow and heirs of a decedent to subject his lands to his debts, a commissioner was directed to inquire and report whether she elected dower in kind, or commutation. The commissioner reported that she elected commutation. His report was confirmed, and the lands were sold free of dower. With her consent, and by leave of court, a lot in town was assigned her for her dower, of which she continued in possession until her death. After her death a petition was filed to subject the lot to her husband’s debts. Held, that the lot was the widow's property in fee, and passed to her heirs. Fisher v. Clements, 82 Va. 813, 1 S. E. Rep. 182.
4. Assignment before Sale of Lands. — Unless the widow of an intestate elects, in a proper manner, to take the value of her dower in the real estate of which her husband died seised, her dower should be assigned to her in the realty before a sale thereof for the payment of the intestate’s debts. Laidley v. Kline, 8 W. Va. 218; Kilbreth v. Roots, 33 W. Va. 600, 11 S. E. Rep. 21.
It is error to order the sale of land to pay debts charged thereon, subject to the widow’s dower, but a sale may be ordered without assigning dower in the land, provided the widow elects to take the value of her dower from the proceeds of the sale. Underwood v. Underwood, 22 W. Va. 303.
Where a widow is entitled to have her dower laid off in kind, unless she has made a valid arrangement waiving this right, it is the duty of the court before decreeing the sale of the land to have her dower laid off in kind; and if this be not done, it is error, for which such decree will be reversed. Tracey v. Shumate, 22 W. Va. 474.
5. Commutation — Re«Bstimate.—Where the widow, in a suit to which the creditors and heirs were parties, agreed to sell her dower at a price approved by a decree of the cour,t, a resale and re-estimate will not be decreed on the ground that the allowance Was excessive, especially where the creditors do not complain. Scott v. Ashlin, 86 Va. 581, 10 S. E. Rep. 751.
6. Objections to Assignment First Made on Appeal.— Objection cannot be made for the first time in the appellate court that an order confirming the assignment of dower does not appear to have been made at the instance of the heir or devisee. Parrish v. Parrish, 88 Va. 529, 14 S. E. Rep. 325.
B. Time of Valuation. — Upon a bill in equity by a widow against the alienee of her husband, for dower in lands aliened by the husband in his lifetime, she is dowable of the lands as of the value thereof at the time of alienation, not at the time of the assignment of the dower; nor is she entitled to any advantage from enhancement of the value, either by improvements made by the alienee, or from general rise in value, or from any cause whatever. Tod v. Baylor, 4 Leigh 498.
Under W. Va. Code, ch. 65, §§ 10, 11, 12, where a husband in his lifetime has sold realty which was subject to dower, the value of the widow’s dower is to be computed, as against the alienee, at the date of her recovery, if in kind, with lawful interest from her suit; but she cannot insist that her dower shall be assigned in specie, nor can she refuse to receive the equivalent annuity, or a gross sum in lieu thereof, the option in this matter being lodged by the statute exclusively with the alienee; and when, under 12, the alienee elects to pay an annuity, or a gross sum in lieu thereof, the value of the dower is computed as of the time of the alienation. Verlander v. Harvey, 36 W. Va. 374, 15 S. E. Rep. 54.
B. sold a tract of land with a mill on it to C. The mill was subsequently washed away, and another built on the same site. A third mill upon a more extensive plan was afterwards built. Held, that the widow' of B. was entitled to dower in the land only, and not in the mill. Braxton v. Coleman, 5 Call 433, 2 Am. Dec. 592.
C. Gross' Sum in Lieu of Dower. — Unless it is impracticable to assign a widow her dower in kind, a court of equity has no power, against her will, to decree a sale of the real estate and give her money in lieu of her dower, Wilson v. Branch, 77 Va. 65, 7 Va. Law J. 161, 46 Am. Rep. 709; white v. White, 16 Gratt. 264, 80 Am. Dec. 706.
It is error to decree a specific-sum in lieu of dower without the assent of all the parties interested. Blair v. Thompson, 11 Gratt. 441; Wilson v. Davisson, 2 Rob. 384; Jarrell v. French, 43 W. Va. 456, 27 S. B. Rep. 263.
Where, in a suit in equity, brought for the purpose of subjecting the real estate of a decedent to the payment of his lien debts and an assignment of dower to his widow, the dower cannot be assigned in kind, and it is necessary to sell the whole rpal estate and to satisfy the claim of dower out of the proceeds, the court cannot, without the consent of all the parties, satisfy such claim by the payment of a gross sum out of the proceeds, but must securely invest one-third of the proceeds and direct the interest on such investments to be paid to the widow during her life in satisfaction of her claim of dower. Harrison v. Payne, 32 Gratt. 387. Compare Stimson v. Thorn, 25 Gratt. 278.
A widow entitled to dower in the real estate of her 'deceased husband is not a joint tenant, tenant in common or co-parcener with the heirs at law, within the meaning of the statute concerning partition, so as to authorize a court of equity to sell the whole estate, against her will, and compel her to receive a money compensation out of the proceeds, in lieu of her dower. White v. White, 16 Gratt. 264, 80 Am. Dec. 706; Hull v. Hull, 26 W. Va. 1.
A widow is not entitled to money arising from a sale of land by her husband during his lifetime, in lieu of her dower. Fitzhugh v. Foote, 3 Call 13.
*503 Where the -widow brings a suit in chancery against the alienee, and the prayer of her bill is that “her dower in the said real estate be assigned, set out, and allotted to her, or a gross sum in lieu thereof given her,5' and the answer of the alienee denies that the pi aintiff is entitled to a sum in gross for her dower interest, if she has one, and avers that, if she is entitled to anything at all, she is entitled to one-third interest in the realty, to the assignment of which the defendant is willing, and there is no replication to the answer, it is error in the court to commute the dower, against the wishes and election of the alienee, and to decree to the widow a gross sum. and charge the same as a lien upon the whole of the real estate of the husband which had been so aliened in his lifetime. Verlander v. Harvey, 36 W. Va. 374, 15 S. E. Rep. 54.
D. Actual Admeasurement or Allotment. — In the assignment of dower to a widow, the assignment should be based upon both the annual and fee simple value of the property. Devaughn v. Devaughn, 19 Gratt. 556.
Where D. died seised of certain real estate on which he and his wife lived, his widow’s dower should be assigned out of such land, in exoneration of other land sold by D. to H. Stimson v. Thorn, 25 Gratt. 278.
A widow is entitled, as against creditors of her husband by lien created since her marriage, to have her dower in his real estate assigned in kind, if it can be done, without regard to its effect upon the interest of his creditors. If from the nature of the property, or of the husband’s interest in it, the dower cannot be assigned in kind the court may sell the whole property and make her a money compensation. Simmons v. Lyles, 27 Gratt. 922.
Mansion House. — The widow is not entitled, as a right, to have the mansion house included in the dower assigned to her. Devaughn v. Devaughn, 19 Gratt. 556.
Lands Held in Common. — Where a husband held lands as tenant in common or, now that the jus vcci'eseendi is abolished, as joint tenant, his widow may be assigned her dower in common with the other tenants. Parrish v. Parrish, 88 Va. 529, 14 S. E. Rep. 325.
Distinct Lots or Parcels. — it is not error to assign dower in one of several lots or parcels of land. Alderson v. Henderson. 5 W. Va. 182.
Allotment by Metes and Bounds. — The common-law rule is that dower must be assigned by metes and bounds. But where the object is entire, as a house, the widow may be assigned a certain number of rooms; in which case, passages and stairways may be enjoyed jointly with others. Parrish v. Parrish. 88 Va. 529, 14 S. E. Rep. 325.
E. Damages for Detention. — It was formerly held that damages for the detention of dower could not be recovered by the widow against the alienee of the husband. Thomas v. Gammel, 6 Leigh 9. But under Va. Code 1887, § 2277, damages are allowed against the alienee of the husband from the commencement of a suit against him.
F. Rents and Mesne Profits. — A widow obtained a decree against an infant heir, directing commissioners to assign dower, which she might have had executed immediately, but did not for a year, during which time she remained in the mansion house, and consented to the cultivation of the land by the agent of the heir. After her dower was assigned, she received one-third of the rents, which had accrued before assignment, claiming no more at the time. Subsequently, she brought an action to recover the other two-thirds. Held, that she was not entitled to recover them. Grayson v. Moncure, 1 Leigh 449, See Lee v. Stuart. 2 Leigh 76.
The object of dower is to afford the widow assure and competent support, and it should be so assigned that she may enjoy one-third of the income arising from the estate; the probable rents and profits, and not the mere fee simple value, being the chief subject of consideration. While the report of commissioners to assign dower, and the action of the court in confirming their report, are entitled to much consideration, they are not conclusive, and, if they plainly depart from the above rule, the decree confirming the report will be reversed, and the report set aside. Puller v. Conrad, 94 Va. 233, 26 S. E. Rep. 575, 3 Va. Law Reg. 51.
The widow is entitled, under the act of 1792, to occupy the plantation belonging to the mansion house of her husband, without responsibility for rent, until dower is assigned to her. Wiseley v. Findlay, 3 Rand. 361, 15 Am. Dec. 712.
Period for Which Recoverable. — Upon a bill in equity by a widow for dower in lands conveyed by her husband during his lifetime, she is not entitled to an account of profits from the death of her husband, but only from the date of the subpoena in the cause. Tod v. Baylor, 4 Leigh 498. See Va. Code 1887, § 2277.
Division of Rents and Profits. — Where there has been a full and just assignment of dower, at the instance of one of several co-heirs, and the widow keeps possession of the whole land under pretext that the assignment was not legal, she will be accountable to the heirs for the rents and profits of all but her dower lands. Moore v. Waller, 2 Rand. 418.
Crops Severed before Assignment. — Since the widow is entitled at the death of the husband to be endowed of one-third of the land with the crop growing on it, so if the crop be severed before the assignment of dower, she is entitled to he endowed of the land in like manner, and of one-third of the crop thus severed, for by the severance the estate has been diminished in value to the amount of the crop. Engle v. Engle. 3 W. Va. 246.